Argued and submitted November 6 on motion to vacate opinion filed by intervenor Marbet and on motion to waive rule 15.05(3) filed by petitioners, former opinion (300 Or 148, 707 P2d 1229) vacated, ballot title certified November 29, 1985

PORTLAND GENERAL ELECTRIC COMPANY et al,
*Petitioners,*

*v.*

ROBERTS,
*Respondent.*

(SC S32135)

709 P2d 1086

John R. Faust, Jr., Portland, argued the cause and filed a motion and response for petitioners. With him on the motion and response was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Gregory Kafoury, Portland, argued the cause and filed a response for intervenors Kafoury and Honeyman.

Lloyd K. Marbet, *pro se,* Boring, argued the cause and filed a motion and affidavit as intervenor.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause and filed a response for respondent. With him on the response were Dave

Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

### PER CURIAM

On October 15, 1985, this court certified to the Secretary of State a modified ballot title after petitioners, Portland General Electric (PGE) and William June, sought review under the provisions of ORS 250.085. After the decision was published, this court was notified that the Secretary of State and the chief petitioners had not been served as required by ORAP 15.05(3).[1] The chief petitioners, Lloyd Marbet, Gregory Kafoury and Arthur Honeyman, moved to intervene. They asked this court to dismiss PGE's petition and vacate our decision. We heard arguments on the matter on November 6, 1985.

■ We have considered both the prejudice to the chief petitioners and the sufficiency of the Attorney General's original ballot title, which the chief petitioners had already printed and circulated while unaware of the ballot title challenge and subsequent change. Because we reach the merits of the ballot title after reargument, we need not address the consequences of the failure to serve the Secretary of State and the chief petitioners.[2]

■ ORS 250.085(4) *as amended by* Oregon Laws 1985, chapter 447, section 6, requires us to review contested ballot titles for "substantial compliance" with the statutory requirements that they be concise, impartial and written so as to avoid confusion, ORS 250.035, 250.039. We have reexamined the Attorney General's ballot title in light of the arguments presented to us by the chief petitioners and now conclude that the ballot title as originally drafted by the Attorney General meets this standard.

Our former opinion is vacated and the original ballot

---

[1] ORAP 15.05(3) provides:

"* * * The petition shall show proof of service on the following persons, if those persons participated in proposing, revising, or in any manner affecting a state measure:

"(a) The "chief petitioner" or "chief petitioners" referred to in ORS 250.045."

[2] Although the chief petitioners filed affidavits intended to establish some prejudice, until now we have had no rule of law concerning the establishment of prejudice. In future cases where persons are not served as required by ORAP 15.05(3) the burden will be on the party failing to show proof of service that those who were not served were not prejudiced by that failure.

title certified to the Secretary of State by the Attorney General is reinstated.[3]

**LENT, J.,** specially concurring.

I concur in the result reached by the majority, but I do not agree with the path taken by the majority.

ORAP 15.05 was effective March 1, 1985. The petition to review the ballot title provided by the Attorney General and filed with the Secretary of State was filed more than six months later on September 9, 1985.

The petitioners for review of the title, who have moved for waiver of ORAP 15.05(3), are correct in asserting that the rule is not well drawn. ORAP 15.05(3) provides in pertinent part:

"The petition shall show proof of service on the following persons, if those persons participated in proposing, revising or in any manner affecting a state measure:

"(a) The 'chief petitioner' or 'chief petitioners' referred to in ORS 250.045;"

ORS 250.045(3) requires that there be at least one chief petitioner. That being so, I can envision no case in which the chief petitioner does not participate in proposing a state measure. The dependent clause is surplusage insofar as the chief petitioner or petitioners may be concerned.

Construing the rule and the statute together, I would hold that the chief petitioner or petitioners must always be served.

---

[3] The original ballot title reads:

PROHIBITS NUCLEAR POWER PLANT OPERATION UNTIL
PERMANENT WASTE SITE LICENSED

**Question:** Shall all Oregon nuclear power plant operations be prohibited until the federal government licenses a permanent radioactive waste disposal site?

**Explanation:** (1) This measure prohibits all Oregon nuclear power plant operation until the Oregon Energy Facility Siting Council finds that a federally licensed high level radioactive waste disposal site is available to immediately accept plant waste for permanent disposal. Waste retrieval option for reprocessing is not required.

(2) If legislature declares an emergency need for electricity not available from other resources, including conservation, temporary suspension or repeal of part (1) of this measure must be referred to voters.

The motion to waive the rule[1] requiring service on the chief petitioners was not made until after issuance of our opinion in *PGE v. Roberts,* 300 Or 148, 707 P2d 1229 (1985), on October 15, 1985. By that time, because the chief petitioners had no reason to believe otherwise, they had commenced circulation of initiative petitions bearing the title provided and filed by the Attorney General. The motion to waive is based on the contention that the statute does not require service and that the only two state officers mentioned in the statute participated in the proceedings that led to our decision on October 15, 1985. The movants assert that it is this court's duty to provide a proper title. Assuming that the assertion is that we are bound to discharge the duty imposed by statute, I agree. What the court might perceive as a proper title, however, could well depend, in any given case, on what input the court has. When all directly interested parties are not given a chance to advise the court of their respective positions, the court is obviously not "fully advised in the premises," as the traditional form of order of a court on a motion recites.

The purpose of the rule is to make sure that the court is fully advised, and this court was not fully advised for failure of the movants to abide by the rule.

The legislature has recognized that exercise of the initiative power may be hindered, if not thwarted, if opponents of a proposed measure can delay the signature-gathering process. A statutory timetable to prevent this delay has been adopted. The Attorney General is required to provide a ballot title within 10 business days of the time the Secretary of State sends to the Attorney General copies of the prospective state measure to be initiated. ORS 250.065(2) and (3). A person who wishes to challenge the title provided by the Attorney General must do so within 20 days after the title is filed with the Secretary of State. ORS 250.085. The statute enjoins this court to act expeditiously. ORS 250.085(4). To discharge our duty with fairness to all, we desire the benefit of input from interested parties. They are not required to appear, but if they desire to do so, they should be afforded the opportunity to do so at a time that does not work to delay the signature-gathering process. The only opportunity to appear by the chief

---

[1] We have authority to waive our rules, whether inherently or by reason of ORAP 9.25.

petitioners in this case had exactly the effect of delay by reason of the failure of movants to serve the chief petitioners as required by ORAP 15.05(3).

The majority warns that "in future cases" the movant will have to make a showing of want of prejudice to those not served. If that is a necessary prerequisite to waiver, and I believe that it is, I see no reason not to deny the motion to waive in this case because of movants' failure to make even a *prima facie* showing of want of that prejudice.

I would deny the motion to waive the rule and hold that the failure to serve the chief petitioners denied to this court the opportunity to advise itself fully before certifying a title different from that filed by the Attorney General. I would withdraw that opinion and the title there certified. The result would be that the title provided by the Attorney General and filed with the Secretary of State, under which the chief petitioners began circulation, would stand.

Linde, J., joins in this separate opinion.