Argued and submitted April 14, ballot title approved and certified April 28, 1987

KAFOURY,
*Petitioner,*

*v.*

ROBERTS,
*Respondent,*

*and*

JUNE,
*Intervenor.*

(SC S33825)

736 P2d 178

Gregory Kafoury, Portland, argued the cause and filed the petition as petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause and filed the memorandum in response on behalf of respondent. With him on the memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John R. Faust, Portland, argued the cause on behalf of intervenor William June. With him on the memorandum was Schwabe, Williamson & Wyatt, Portland.

PER CURIAM

## PER CURIAM

This is a petition to review a ballot title certified by the Attorney General pursuant to ORS 250.065. The petition was filed pursuant to ORS 250.085(2). We find that the proposed ballot title substantially complies with the requirements of ORS 250.035 and 250.039. *See* ORS 250.085(4) (establishing standard for review).

The measure under consideration is an initiative which, if approved by the people, would, *inter alia,* ban further operation of the Trojan nuclear power facility until the Oregon Energy Facility Siting Council finds that (1) a federally licensed permanent disposal site for high-level radioactive waste is available, (2) continued operation of the plant is desirable in terms of the electric needs of the Northwest and (3) the plant is capable of withstanding major earthquakes without harm. Petitioner is one of the principal sponsors of the proposed initiative.

Upon the filing of the proposed initiative measure with the Secretary of State, she immediately sent two copies to the Attorney General. ORS 250.065(2). Not later than five business days after receiving the copies, the Attorney General provided a draft ballot title for the initiative measure to the Secretary of State. ORS 250.065(3). Pursuant to ORS 250.067,[1] the Secretary of State sought public comment on the

---

[1] ORS 250.067 states:

"(1) The Secretary of State, upon receiving a draft ballot title from the Attorney General under ORS 250.065 or 250.075, shall provide reasonable statewide notice of having received the draft ballot title and of the public's right to submit written comments as provided in this section. Written comments concerning a draft ballot title shall be submitted to the Secretary of State not later than the 10th business day after the Secretary of State receives the draft title from the Attorney General. The Secretary of State immediately shall send a copy of all written comments to the Attorney General and shall maintain a record of written comments received.

"(2) The Attorney General shall consider any written comments submitted under subsection (1) of this section and shall certify to the Secretary of State either the draft ballot title or a revised ballot title not later than the fifth business day after receiving the comments from the Secretary of State. The Secretary of State shall furnish the chief petitioner with a copy of the ballot title.

"(3) Unless the Supreme Court certifies a different ballot title, the ballot title provided by the Attorney General under subsection (2) of this section shall be the title printed in the voters' pamphlet and on the ballot.

"(4) If a petition for review of a ballot title is filed with the Supreme Court as

draft ballot title. Petitioner submitted a comment on the draft ballot title. After all comments were received, the Attorney General certified to the Secretary of State the same ballot title that he originally had proposed. ORS 250.067(2). The present petition followed.

The full text of the ballot title as filed with the Secretary of State is as follows:

## "PROHIBITS TROJAN NUCLEAR POWER OPERATION UNTIL CERTAIN CONDITIONS MET

"*QUESTION*: Shall Trojan nuclear plant electric power operations be prohibited until permanent federal waste site is licensed, other conditions are met?

"*EXPLANATION*: (1) Bans operation of Trojan Nuclear Power Plant until Oregon Energy Facility Siting Council finds:

"(a) Federally licensed permanent disposal site for plant's high level radioactive waste is available;

"(b) Operation of plant is cost effective, and

"(c) Plant can withstand major earthquakes without harm to public, and meets federal seismic protection requirements.

"(2) If legislature declares emergency need for power not available from other sources, temporary suspension or repeal of part (1) of measure must be referred to voters."

Before this court, petitioner makes no objection to the Question and the Explanation sections of the ballot title as certified, but argues that the caption, "Prohibits Trojan Nuclear Power Operation Until Certain Conditions Met," is insufficient and unfair within the meaning of ORAP 15.05(4)(a)[2] and fails to meet the standard of "impartiality,

---

provided in ORS 250.085, the Secretary of State shall file with the Supreme Court a copy of the written comments received as part of the record on review of the ballot title.

"(5) The Secretary of State by rule shall specify the means for providing reasonable state-wide notice for submitting comments on a draft ballot title."

[2] ORAP 15.05(4)(a) provides:

"The petition to review ballot title shall be no longer than 10 pages and shall inform the court of the petitioner's interest in the matter, the full text of the ballot title as filed with the Secretary of State, the alleged insufficiency or unfairness of the ballot title filed with the Secretary of State, and a proposed ballot title that in the judgment of the petitioner would be sufficient and fair and that the petitioner desires the Supreme Court to certify to the Secretary of State in lieu of the ballot title challenged by the petitioner."

conciseness and accuracy" under ORS 250.039.[3] Respondent Secretary of State and intervenor William June, an employe of the operator of the Trojan nuclear power plant, argue that the caption satisfies both standards.

■   Prior to addressing the merits, we are confronted with a procedural matter of some importance. As noted, the Secretary of State is required, upon receiving a draft ballot title from the Attorney General, to solicit written comments concerning the draft ballot title. ORS 250.067(1). The Attorney General is to consider these comments before certifying a final ballot title or revised ballot title to the Secretary. ORS 250.067(2). Participation in the comment process is a prerequisite to having the right to challenge a ballot title in this court. ORS 250.085(2) provides:

> "Any person dissatisfied with a ballot title for an initiated or referred measure certified by the Attorney General *and who timely submitted written comments on the draft ballot title* may petition the Supreme Court seeking a different title. The petition shall state the reasons the title filed with the Secretary of State does not substantially comply with the requirements of ORS 250.035 and to 250.039." (Emphasis added.)

Mere participation in the comment process, however, does not entitle a dissatisfied person to review by this court. In addition, the person must have presented in his or her comments the arguments upon which he or she expects to rely on review. ORS 250.085(5) provides:

> "When reviewing a title prepared by the Attorney General or by the Legislative Assembly, *the court shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State* unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067." (Emphasis added.)

---

[3] ORS 250.039 provides:

> "For all measures, the Secretary of State by rule shall designate a test of readability and adopt a standard of minimum readability for a ballot title. The ballot title shall comply with the standard to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

Although this standard of "impartiality, conciseness and accuracy" could, from the language of this section, be read as focussing only on "readability," this court has read it more broadly in the past. *See PGE v. Roberts,* 300 Or 334, 336, 709 P2d 1086 (1985).

As noted, in this case petitioner did provide written comments. The comments were in the following brief letter:

"Dear Ms. Roberts:

"On behalf of [the principal petitioners for the initiative measure], I suggest the following language for the Ballot Title of the Trojan Initiative:

"SUSPENDS TROJAN OPERATIONS UNTIL WASTE, EFFICIENCY, EARTHQUAKE STANDARDS MET.

"It is an improvement, don't you think?"

■   ORS 250.067 and subsections (2) and (5) of ORS 250.085 were added to the Oregon statutes by Oregon Laws 1985, chapter 447, sections 5 and 6. The purpose of these new provisions, as evinced by their language, was to remove from the judiciary and concentrate in the administrative branch the process of arriving at an appropriate title for ballot measures. In order to accomplish this purpose, the legislature requires something more than mere participation in the comment process in order to maintain a later challenge to a ballot title in this court. Under ORS 250.085(5), that person first must have presented arguments to the Secretary of State. We interpret this provision as requiring that, before a party can claim a right under ORS 250.085(2), the party must have offered some criticism of the draft ballot title that suggests a belief that the title does not substantially comply with the requirements of ORS 250.035 and 250.039.

■   We are confident that the legislature had no desire to import into the statutory scheme a technical "pleading" process that will vex or hamper the good faith efforts of objectors, many of whom are not attorneys. On the other hand, parties who have genuine objections should raise them at the earliest possible time. This avoids the possibility of a person's intentionally waiting until the matter is before this court to raise meritorious objections that could have been raised and resolved at the administrative level. We construe the word, "arguments," in ORS 250.085(5) to impose the simple requirement that the party complaining here must first have actually complained, as opposed to having merely made abstract observations about the proposed ballot title.

Under the foregoing test, petitioner has not complied with the statutory scheme. Merely observing that a revised

ballot title would be "an improvement" in no sense suggests that, unless the "improvement" is made, the ballot title may be legally insufficient. Accordingly, under the construction of ORS 250.085(5) we announce in this case, this petition should be dismissed.

■ We shall not, however, dismiss the petition in this case. The statutory procedure is new, and this is the first opportunity this court has had to interpret it. It would not have taken much more than the petitioner in this case did to satisfy the rule, and we cannot be sure that the petitioner could not have satisfied it, if the rule we announce today already had been known and understood by the public. It should be understood that, in any challenge to a ballot title brought pursuant to ORS 250.085(2), a petitioner must show that the petitioner commented under the procedures set out in ORS 250.067(1) and (2) to the effect that the proposed ballot title did not substantially comply with the requirements of ORS 250.035 and 250.039.

We turn to the merits of the case, at which the petitioner fares no better. Petitioner concedes that the phrase in the present caption, "Prohibits Trojan Nuclear Power Operation," is accurate. However, petitioner contends that the balance of the title, "Until Certain Conditions Met," is so insufficient that the title as a whole fails to comply with the requirements of ORS 250.035 and 250.039.[4] Instead, petitioner argues, this court should certify the following caption: "Suspends Trojan Operations Until Nuclear Waste, Cost-Effectiveness, Earthquake Standards Met."

■ An extensive review of petitioner's argument would not be of any particular value. It is sufficient to say that, although petitioner's proposed ballot title might well comply with ORS 250.035 and 250.039,[5] petitioner does not demon-

---

[4] ORS 250.035(1)(a) provides:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which identifies the subject matter of the measure * * *."

ORS 250.039 is set out in footnote 3.

[5] It might comply, that is, if the hyphenated word "cost-effectiveness" is to be counted as only one word. See OAR 165-14-060(2). The Attorney General, as a matter of practice, counts hyphenated words as two words. Counsel for the Secretary of State

strate how the ballot title provided by the Attorney General does not also meet the requirements of those statutes. It is not this court's function to substitute a ballot title of its own choosing for that provided by the Attorney General unless we can say affirmatively that the ballot title provided by the Attorney General "does not substantially comply with the requirements of ORS 250.035 and 250.039." ORS 250.085(2) and (4). *See also Priestley v. Paulus,* 287 Or 141, 145, 597 P2d 829 (1979). Because we are satisfied that the ballot title certified by the Attorney General in this case substantially complies with those statutes, our review is at an end.

The ballot title certified by the Attorney General is approved and certified to the Secretary of State.

urged this court at oral argument to offer a definition of "word" under ORS 250.035(1)(a) which would resolve the question whether a hyphenated word is to be treated as one word or two. We do not find that this case requires us to answer that question.