Argued and submitted November 4, ballot title certified November 24, 1987

## OREGON TRAFFIC SAFETY NOW, INC. et al,
*Petitioners,*

*v.*

## ROBERTS,
*Respondent.*

(SC S34451)

745 P2d 1218

Arno H. Denecke, Salem, argued the cause and filed the petition to review ballot title for petitioners.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioners challenge a ballot title prepared by the Attorney General for a referendum measure seeking voter approval of amendments to ORS 811.210.[1] Pursuant to ORS

---

[1] The proposed measure states:

"SECTION 1. ORS 811.210 is amended to read:

"(1) A person commits the offense of [*endangering a child passenger*] **failure to use safety belts if the person:**

"(a) [*The person*] Operates a motor vehicle on the highways of this state and [*any passenger younger than 16 years of age*] is not **properly** secured with a [*child safety system,*] safety belt or safety harness as required by subsection (2) of this section; [*or*]

"(b) [*The person is a licensed driver 21 years of age or older accompanying a person 15*] **Operates a motor vehicle on the highways of this state with a passenger who is under 16** years of age [*who is operating a motor vehicle on the highways of this state under a permit issued pursuant to ORS 807.280 and:*]

"[*(A) The person 15 years of age who is operating the motor vehicle is not secured with a safety belt or safety harness that meets requirements under ORS 815.055; or*]

"[*(B) Any passenger younger than 16 years of age*] **and the passenger** is not **properly** secured with a child safety system, safety belt or safety harness as required by subsection (2) of this section; or

"(c) [*The person is younger than 16 years of age and operates a*] **Is a passenger in a** motor vehicle on the highways of this state [*under an emergency driver permit issued pursuant to ORS 807.220 or under a special student driver permit issued pursuant to ORS 807.230*] **who is 16 years of age or older** and [:]

"[*(A) The driver*] **who** is not **properly** secured with a safety belt or safety harness [*that meets requirements under ORS 815.055; or*]

"[*(B) Any passenger younger than 16 years of age is not secured with a child safety system, safety belt or safety harness*] as required by ubsection (2) of this section.

"(2) To comply with this section:

"(a) A [*child*] **person** who is under one year of age must be **properly** secured with a child safety system that meets the minimum standards and specifications established by the division under ORS 815.055 for child safety systems designed for children of 40 pounds or less; or

"(b) A [*child*] **person** who is at least one year of age [*but younger than 16 years of age*] must be **properly** secured with either:

"(A) A child safety system that meets the minimum standards and specifications established by the division under ORS 815.055 for child safety systems designed for children of 40 pounds or less; or

"(B) A safety belt or safety harness that meets requirements under ORS 815.055.

"(3) A violation of this section shall not be considered under any circumstances to be negligence nor shall evidence of such a violation be admissible in any civil action.

"[*(4) A court may dismiss a charge for violation of this section if proof is offered to the satisfaction of the court that circumstances surrounding the*]

250.035 and 250.065, the Attorney General drafted the following ballot title:

---

*violation occurred because of an emergency.*]

"[*(5)*] **(4)** The offense described in this section, [*endangering a child passenger*] **failure to use safety belts,** is a Class D traffic infraction. [*For the first offense the court shall not impose the fine upon the showing of proof of acquisition of an approved child safety system.*]

"**SECTION 2.** ORS 811.215 is amended to read:

"ORS 811.210 does not apply to:

"(1) Privately owned commercial vehicles, as defined in ORS 801.210. The exemption in this subsection does not apply to vehicles commonly known as pickup trucks that have a combined weight of less than 8,000 pounds.

"(2) Any vehicle not required to be equipped with safety belts or safety harnesses at the time the vehicle was manufactured, unless safety belts or safety harnesses have been installed in the vehicle.

"**(3) Any vehicle exempted by ORS 815.080 from requirements to be equipped upon sale with safety belts or safety harnesses.**

"[*(3)*] **(4)** Any [*child*] **person** for whom a certificate is issued by the division under ORS 811.220.

"[*(4) A resident of another state that does not have a prohibition similar to the one under ORS 811.210.*]

"(5) Any [*child*] **person** who is a passenger in a vehicle if all seating positions in the vehicle are occupied by other persons.

"**(6) Any person who is being transported while in the custody of a police officer or any law enforcement agency.**

"**(7) Any person who is delivering newspapers or mail in the regular course of work.**

"**(8) Any person who is riding in an ambulance for the purpose of administering medical aid to another person in the ambulance, if being secured by a safety belt or harness would substantially inhibit the administration of medical aid.**

"**SECTION 3.** ORS 811.220 is amended to read:

"The administrator of the division shall issue a certificate of exemption required under ORS 811.215 for any person on whose behalf a statement signed by a physician is presented to the division. For a physician's statement to qualify under this section, the physician giving the statement must set forth reasons in the statement why the use of a child safety system, [*or*] safety belt or safety harness by the [*child*] **person** would be impractical or harmful to the person by reason of physical condition, medical problem or body size.

"**SECTION 4.** Section 5 of this Act is added to and made a part of ORS chapter 811.

"**SECTION 5.** (1) The registered owner of a motor vehicle commits the offense of failure of an owner to maintain safety belts in working order if:

"(a) The vehicle is equipped with safety belts or safety harnesses that meet the requirements established by and that are approved under ORS 815.055; and

"(b) The owner fails to maintain the safety belts or safety harnesses in a condition that will enable occupants of all seating positions equipped with safety belts or safety harnesses to use the belts or harnesses.

"REQUIRES THE USE OF SAFETY BELTS

"Question: Shall law, effective December 8, 1988, require safety belt use by motor vehicle drivers and passengers over 16?

"Explanation: Referred to voters. Approval enacts law requiring that motor vehicle drivers wear safety belts and secure passengers under 16 with safety belts, harnesses, or small child safety systems. Passengers over 16 must secure themselves. Requires vehicle owner to keep seatbelts in working order. Driver, owner, passenger violations are Class D traffic infractions. Provides exemptions. Law takes effect December 8, 1988. Voter rejection means prior law, requiring safety restraints only for passengers under 16, is effective."

Petitioners challenge the ballot title as "insufficient and unfair" and propose an alternative ballot title:

"REQUIRES THE USE OF SAFETY BELTS

"*Question:* Shall law requiring safety belt use by drivers and passengers over 16 be enacted?

"*Explanation:* Referred to voters. Approval enacts law requiring motor vehicle drivers wear safety belts and secure passengers under 16 with safety belts, harnesses or small child safety systems. Passengers over 16 must secure themselves. Requires vehicle owners to keep safety belts in working order. Driver, owner and passenger violations are Class D traffic infractions. Provides exemptions. Voter rejection means prior law requiring safety restraints only for passengers under 16 remains effective."

Our function on review of a proposed ballot title is established by ORS 250.085(4), which provides:

"The court shall review the title for substantial compliance with the requirements of ORS 250.035 and 250.039, and shall certify a title meeting this standard to the Secretary of State."

To paraphrase, a ballot title is sufficient (and, therefore, is to be affirmed) if it "substantially complies" with ORS 250.035 and 250.039. *See, e.g., Kafoury v. Roberts,* 303 Or 306, 313, 736

---

"(2) The offense described in this section, failure of an owner to maintain safety belts in working order, is a Class D traffic infraction."

Or Laws 1987, ch 755.

P2d 178 (1987); *PGE v. Roberts,* 300 Or 334, 709 P2d 1086 (1985). This ballot title does substantially comply.

A certain amount of statutory history is required in order to fully understand the posture of this case. The 1987 legislature passed two complementary measures dealing with the controversial topic of mandatory safety belt usage. The first, HB 2399 (Or Laws 1987, ch 385), contained an automatic "sunset" provision under which it expired 30 days after the November 1988 general election. Or Laws 1987, ch 385, § 6. That election will occur on November 8, 1988. Therefore, HB 2399 expires on December 8, 1988.

The second measure, SB 87 (Or Laws 1977, ch 755), contained substantive provisions identical to HB 2399. In the case of SB 87, however, the legislature chose to refer it to the people for consideration at the November 1988 general election. Or Laws 1987, ch 755, § 6. Because measures adopted by initiative or referendum go into effect 30 days after the general election at which they are approved, the substantive provisions of SB 87 will go into effect, if at all, on December 8, 1988, the day HB 2399 "sunsets."

From the foregoing it will be seen that the legislative scheme envisioned an immediate, interim mandatory safety belt law that would continue beyond December 8, 1988, only if the electorate approved. This scheme has been partially derailed, however, because HB 2399 has been referred to the people by the signature-gathering process. Or Const, Art IV, § 1(3)(6). Bills so referred are treated by the Secretary of State as being in suspension, *ile.,* without legal effect until voted upon.[2] Article IV, section 1(4)(d) of the Oregon Constitution provides:

> "Notwithstanding section 1, Article XVII of this Constitution, an initiative or referendum measure becomes effective 30 days after the day on which it is enacted or approved by a majority of the votes cast thereon. * * *"

Because HB 2399 would, therefore, expire by its own terms the same moment it became effective, the measure now has no practical significance.

---

[2] We were advised by counsel for the Secretary of State during oral argument that the Secretary does not intend to place the referred HB 2399 on the November 1988 ballot because the resulting vote—however it turned out—would be meaningless.

Because of the referral of HB 2399, only two contentions of petitioners merit discussion. The first challenges as "confusing" the use of the effective date, December 8, 1988, in the question portion of the ballot title.

■ The only issue before us is the ballot title for *SB 87.* Nowhere does that title mention HB 2399 at all, much less its now delayed effective date. The date given in the ballot title for SB 87 is correct. Safety belt use will be mandatory in Oregon only if SB 87 is approved by the voters and, even then, only on and after December 8, 1988. Far from being confusing, this seems to answer a question many voters will have: "If I vote yes, when do I have to start buckling up?"

■ The second complaint of petitioners is that the title at one point refers to "seat belts" when it should have said "safety belts." This mistake hardly warrants our intervention under ORS 250.085(4). We would be tinkering, and our doing so would trivialize our role in the initiative and referendum process.

Ballot title certified.