Argued and submitted February 7, petition for review of ballot title dismissed
February 22, 1990

MCMURDO,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S36674)

786 P2d 1268

John DiLorenzo, Jr., of O'Connell & Goyak, Portland, argued the cause and filed the petition on behalf of petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause on behalf of the respondent. With him on the answering memorandum and motion to dismiss were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

This is a ballot title review case. Petitioner timely filed a petition with this court under ORS 250.085(3) for review of a ballot title for a proposed constitutional amendment certified to the defendant Secretary of State by the Attorney General. Defendant has moved to dismiss the petition on the ground that the arguments petitioner now presents were not made by petitioner to defendant during the preliminary stages of the ballot title process. Defendant relies on ORS 250.085(5):

> "When reviewing a title prepared by the Attorney General, the court shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067."

Finding defendant's motion well taken, we dismiss the petition.

After the Attorney General had forwarded to the defendant a proposed ballot title, petitioner sent a letter to the defendant. The letter stated in part:

> "Dear Secretary Roberts:
>
> "I have reviewed the Attorney General's draft ballot title for Senate Joint Resolution 2. As provided in ORS 250.067, the following proposed ballot title constitutes my written comments regarding the draft title[.]"

There then followed petitioner's proposed ballot title. The foregoing were petitioner's *only comments* to the defendant. They were not enough to permit petitioner now to make the arguments he makes to this court.

In *Kafoury v. Roberts,* 303 Or 306, 736 P2d 178 (1987), this court was faced with a ballot title challenge from a petitioner whose only challenge to a proposed ballot title was worded as follows:

> "Dear Ms. Roberts:
>
> "On behalf of [the principal petitioners for the initiative measure], I suggest the following language for the Ballot Title for the Trojan Initiative:

[There followed a suggested ballot title different than that proposed to the Secretary of State by the Attorney General.]

"It is an improvement, don't you think?"

Faced with a case in which the foregoing was the only challenge petitioner had made before the Secretary of State, we said:

"Mere participation in the comment process * * * does not entitle a dissatisfied person to review by this court. In addition, the person must have presented in his or her comments the arguments upon which he or she expects to rely on review. [Citing ORS 250.085(5).]

"* * * * *

"ORS 250.067 and subsections (2) and (5) of ORS 250.085 were added to the Oregon statutes [in 1985] * * *. The purpose of these new provisions, as evinced by their language, was to remove from the judiciary and concentrate in the administrative branch the process of arriving at an appropriate title for ballot measures. In order to accomplish this purpose, the legislature requires something more than mere participation in the comment process in order to maintain a later challenge to a ballot title in this court. Under ORS 250.085(5), that person first must have presented arguments to the Secretary of State. We interpret this provision as requiring that, before a party can claim a right under ORS 250.085(2) [to seek relief from this court], the party must have offered some criticism of the draft ballot title that suggests a belief that the title does not substantially comply with the requirements of ORS 250.035 and 250.039.

"We are confident that the legislature had no desire to import into the statutory scheme a technical 'pleading' process that will vex or hamper the good faith efforts of objectors, many of whom are not attorneys. On the other hand, parties who have genuine objections should raise them at the earliest possible time. This avoids the possibility of a person's intentionally waiting until the matter is before this court to raise meritorious objections that could have been raised and resolved at the administrative level. We construe the word, 'arguments,' in ORS 250.085(5) to impose the simple requirement that the party complaining here must first have actually complained, as opposed to having merely made abstract observations about the proposed ballot title."

*Id.,* at 310-11.

What we said in *Kafoury* is equally true here. Petitioner's comments to the Secretary were abstract. No effort was made to tie them to the substantive legal standards a ballot title is supposed to meet. Without such an effort, petitioner has no right to raise the arguments he raises here. The petition for review of the ballot title must be dismissed.

Petition for review of ballot title dismissed.