Argued and submitted February 7, petitions to review ballot title dismissed
March 20, 1990

RANSOM et al,
*Petitioners,*

*v.*

ROBERTS,
*Respondent.*

(SC S36791)

SHEPARD,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S36787)
(Cases Consolidated for Opinion)

788 P2d 455

John S. Ransom, Portland, argued the cause for all peti-
tioners and filed the petition for John S. Ransom and The
American Civil Liberties Union of Oregon, Inc. Ross M.
Shepard, Eugene, filed a petition *pro se.*

John A. Reuling, Jr., Assistant Attorney General, argued
the cause and filed the answering memoranda. With him on
the memoranda were Dave Frohnmayer, Attorney General
and Virginia L. Linder, Solicitor General.

PER CURIAM

## PER CURIAM

This original proceeding consolidates two petitions to review a certified ballot title for a proposed initiative measure to amend Article I, section 15, of the Oregon Constitution.[1]

Respondent Secretary of State has moved to dismiss both petitions on the ground that all petitioners lack standing to challenge the certified ballot title because they did not timely submit written comments on the Attorney General's *draft* ballot title. Respondent relies on ORS 250.085(2), which provides:

> "Any elector dissatisfied with a ballot title for an initiated or referred measure certified by the Attorney General and who timely submitted written comments on the draft ballot title may petition the Supreme Court seeking a different title. The petition shall state the reasons the title filed with the Secretary of State does not substantially comply with the requirements of ORS 250.035 and 250.039."

Our review of the record supports respondent's contention. Finding respondent's motion well taken, we dismiss the petitions. ORS 250.085(2). *See McMurdo v. Roberts,* 309 Or 318, 786 P2d 1268 (1990).

Petitions for review of ballot title dismissed.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this decision will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator within seven days of the date of this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.

---

[1] Article I, section 15, now provides:

"Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."