On petition to review ballot title filed March 19, petition to review ballot title dismissed April 3, reconsideration denied April 18, 1990

# REMINGTON et al,
*Petitioners,*

*v.*

# ROBERTS,
*Respondent.*

(SC S36981)

789 P2d 662

Rex Armstrong, Portland, filed the petition for petitioners. With him on the petition was Bogle and Gates, Portland.

Janet A. Metcalf, Assistant Attorney General, Salem, filed the motion to dismiss and motion to hold further proceedings in abeyance until the court rules on motion to dismiss. With her on the motion were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

This is an original proceeding to review a certified ballot title for a proposed initiative measure to amend the Oregon Constitution.

Respondent Secretary of State has moved to dismiss the petition on the ground that petitioners lack standing to challenge the certified ballot title because they did not timely submit written comments on the Attorney General's *draft* ballot title. Respondent relies on ORS 250.085(2), which provides:

> "Any elector dissatisfied with a ballot title for an initiated or referred measure certified by the Attorney General and who timely submitted written comments on the draft ballot title may petition the Supreme Court seeking a different title. The petition shall state the reasons the title filed with the Secretary of State does not substantially comply with the requirements of ORS 250.035 and 250.039."

Our review of the record supports respondent's contention. Finding her motion well taken, we dismiss the petition. ORS 250.085(2). *See Ransom v. Roberts,* 309 Or 461, 788 P2d 455 (1990); *McMurdo v. Roberts,* 309 Or 318, 786 P2d 1268 (1990); *Kafoury v. Roberts,* 303 Or 306, 311, 736 P2d 178 (1987).

Petition for review of ballot title dismissed.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this decision will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator within seven days of the date of this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.