Argued and submitted April 19, ballot title certified May 3, reconsideration denied May 11, 1994

## Paul R. FARAGO,
*Petitioner,*

*v.*

## Theodore R. KULONGOSKI,
Attorney General,
State of Oregon,
*Respondent.*

(SC S41199)

872 P2d 964

Greg Wasson, Salem, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the response for respondent. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Durham, Justices.

PER CURIAM

## PER CURIAM

In this original proceeding, petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who timely submitted written comments addressed to the Attorney General's draft ballot title. Therefore, he is entitled to petition this court seeking a different title. ORS 250.085(2).

The Attorney General certified this ballot title to the Secretary of State:

"AMENDS CONSTITUTION:
ALLOWS SCHOOL SERIAL LEVIES
OUTSIDE PROPERTY TAX LIMITS

"QUESTION: Shall constitution allow certain school serial levies outside property tax limits, make state's duty to replace lost school revenues permanent?

"SUMMARY: Amends state constitution. Allows school districts to pass 1- to 5-year serial levies by school districts outside property tax limits. A levy could be no more than $3 per $1,000 of property's real market value in any tax year. For community college districts, the limit would be $1 per $1,000. These taxes could not affect the school district's share of state school support. State now must replace revenue lost by public schools due to Measure 5 only through 1995-96. The measure would make that duty permanent."

Petitioner asserts that the Caption, Question, and Summary for the proposed measure are deficient in certain particulars. However, we do not consider his arguments, because he did not make those arguments to the Secretary of State and the Attorney General during the comment period for the Attorney General's proposed ballot title. ORS 250.085(6).[1] We certify the ballot title certified by the Attorney General. ORS 250.035(1) and 250.085.

---

[1] ORS 250.085(6) provides:

"When reviewing a title prepared by the Attorney General, the court shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067."

There was not a revision of the ballot title after the comment period, so the exception for arguments concerning "language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067" does not apply.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(9).