Argued and submitted July 11; resubmitted July 20, petition to review ballot title dismissed August 24, 1995

Steven McCOID,
*Petitioner,*

*v.*

Theodore KULONGOSKI,
Attorney General of the State of Oregon,
*Respondent,*

*and*

Maureen KIRK,
*Intervenor.*

(SC S42338)

900 P2d 1028

Charles F. Hinkle, Portland, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Greg Wasson, Salem, filed a memorandum for intervenor.

GILLETTE, J.

## GILLETTE, J.

This is an original proceeding in which petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioner would be entitled to seek a different title in this court, ORS 250.085(2), if his comments survive the scrutiny required by ORS 250.085(6). That statute, which governs the permissible scope of this court's review of challenged ballot titles, provides:

> "When reviewing a title prepared by the Attorney General, the court·shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State unless the court determines that the argument concerns language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067."

*See McMurdo v. Roberts*, 309 Or 319, 321-22, 786 P2d 1268 (1990) (explaining and applying standard, quoting *Kafoury v. Roberts*, 303 Or 306, 310-11, 736 P2d 178 (1987)).

■ The problem here is that petitioner's arguments do not survive that scrutiny. Petitioner's petition to this court challenges only the use of a single phrase in the Question portion of the Attorney General's certified ballot title. That same phrase appeared in the Question in the Attorney General's proposed ballot title. Petitioner made several comments concerning the proposed Question — some of which resulted in modifications in the Question — but he never intimated that there was anything about the challenged phrase that made its use impermissible under the appropriate statutory criteria. His effort to make that argument now comes too late. *McMurdo*, 309 Or at 322.

We turn to the question of the correct form of disposition of this case. There are at least two possible options: 1) Dismissal of proceeding, or 2) certification, by this court, of the ballot title already certified to the Secretary of State by the Attorney General. For the reasons that follow, we conclude that dismissal is the correct action.

The pertinent statutory provisions are ORS 250.085-(2), (5), and (6).[1] Those statutory provisions may be traced to 1985 legislative amendments, which survive to this day with some renumbering but without material amendment.[2]

In *Kafoury*, this court first interpreted the then-recent 1985 amendments. Petitioners there had written a short letter to the Secretary of State suggesting an alternative ballot title Caption and stating, "It is an improvement, don't you think?" This court interpreted ORS 250.085(6) to require something more specific than that to meet the statutory prerequisite that a petitioner first have submitted "arguments concerning the ballot title" to the Secretary of State. The opinion devoted over two pages to what it described as this "procedural matter of some importance." *Id.* at 310-12.

In deciding what to do with the petition, *Kafoury* held that the purpose of the 1985 amendments to the statutes, including the provisions requiring timely written comments to the Secretary of State as a prerequisite to judicial review, was to "*remove* from the judiciary and concentrate in the administrative branch the *process* of arriving at an appropriate title for ballot measures." *Id.* at 311 (emphasis supplied). The court pursued this line of analysis by asserting that, "[i]n order to accomplish this purpose, the legislature requires something more than mere participation in the comment process *in order to maintain a later challenge* to a ballot title in this court." *Ibid.* (emphasis supplied).

The pertinent point then was brought home by two separate statements. First, the court interpreted ORS

---

[1] ORS 250.085(2) provides:

"Any elector dissatisfied with a ballot title for an initiated or referred measure certified by the Attorney General and who timely submitted written comments on the draft ballot title may petition the Supreme Court seeking a different title. The petition shall state the reasons the title filed with the Secretary of State does not substantially comply with the requirements of ORS 250.035 and 250.039."

ORS 250.085(5) provides:

"The court shall review the title for substantial compliance with the requirements of ORS 250.035 and 250.039, and shall certify a title meeting this standard to the Secretary of State."

ORS 250.085(6) has been quoted in the text above.

[2] For ease of reference, we use the current section numbers throughout this discussion.

250.085(6) "as requiring that, *before* a party can claim a right under ORS 250.085(2) [to petition the Supreme Court]," the party must have offered an adequate criticism of the ballot title to the Secretary of State. *Id.* at 312 (emphasis supplied). Second, the court concluded:

> "*Accordingly*, under the construction of ORS 250.085[(6)] we announce in this case, *this petition should be dismissed.*"

*Ibid.* (emphasis supplied). The court decided not to do so in that case, however, because it was the first case interpreting the new law and because the petitioners were fairly close to satisfying the law. *Ibid.*

*Kafoury* stands as a controlling interpretation of the pertinent current statutes. It concluded, after analysis of the pertinent statutory wording, that dismissal was the appropriate disposition of a timely ballot title petition that raised only arguments that were not raised to the Secretary of State. Dismissal was appropriate, the court reasoned, because the petitioners had no right to seek judicial review and to engage the court in a process committed to the executive branch without first having raised their contentions to the Secretary of State. *Cf. Morris v. Dept. of Rev.*, 320 Or 579, 889 P2d 1294 (1995) (utilizing same reasoning and result under a statute that provided that no person shall appeal to the Tax Court unless that person first exhausted the person's administrative remedy).

*Kafoury* was followed by *McMurdo*, which quoted extensively from *Kafoury* and then, accordingly, *dismissed* the timely ballot title petition for failure to raise sufficient arguments to the Secretary of State. Other cases followed the same course, citing to *Kafoury* and *McMurdo* and, in one instance, characterized the defect that results in dismissal as a lack of "standing" to bring the action. *Ransom v. Roberts*, 309 Or 654, 665, 791 P2d 489 (1990) (no comments on proposed title made to Secretary of State); *Remington v. Roberts*, 309 Or 642, 644, 789 P2d 662 (1990) (no timely comments to Secretary of State; no "standing").

Only this court's most recent case on this subject, *Farago v. Kulongoski*, 319 Or 29, 872 P2d 964 (1994), raises

any question with respect to the foregoing analysis.[3] *Farago* is a one-page decision in which this court *certified* the ballot title of the Attorney General, but without any discussion of the choice of that particular disposition and without reference to *Kafoury, McMurdo, Ransom*, or *Remington*. It appears that the particular form of disposition in *Farago* was not considered by this court in the context of its prior decisions. Had that issue been considered, we believe that the disposition would have taken a different form.

■ The only contrary *textual* argument that could be made arises out of the wording of ORS 250.085(5). That statute provides:

> "The court shall review the [ballot] title for substantial compliance with the requirements of ORS 250.035 and 250.039, *and shall certify a title meeting this standard to the Secretary of State.*"

(Emphasis supplied.) Reading the emphasized wording in isolation, it could be argued that this court's role in any ballot title case is to certify a ballot title. But we think it clear that the process described in ORS 250.085(2), (5), and (6) must be viewed together, and is hierarchical. Thus, the *certification* visualized by the last phrase of subsection (5) is dependent on the court's first having conducted the *review* contemplated by the first phrase. And, under subsection (6), *no review occurs* if no argument is made to the court that meets the standards there set out. Without a review, an act of certification would be improper. Here, we conduct no review. Dismissal is called for.

Petition for review of ballot title dismissed.

---

[3] In *Farago*, the petitioner had made no arguments to the Secretary of State as to two parts of the ballot title and made only an insufficient argument with respect to the third part.