Argued and submitted February 7, ballot title certified as modified; petitions S36790 and S35793 dismissed; petition S36784 dismissed as to petitioner The American Civil Liberties Union of Oregon, Inc. April 20, 1990

RANSOM et al,
*Petitioners,*

*v.*

ROBERTS,
*Respondent.*

(SC S36784)

SHEPARD,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S36790)

KOUNS,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S36793)
(Cases Consolidated for Opinion)

791 P2d 489

John S. Ransom, Portland, argued the cause for petitioners, John S. Ransom, The American Civil Liberties Union of Oregon, Inc., and Ross M. Shepard, and filed the petition for John S. Ransom and The American Civil Liberties Union of Oregon, Inc. Ross M. Shepard, Eugene, filed a petition *pro se.*

John A. Bennett, Portland, argued the cause and filed the petition for petitioner Doris D. Kouns.

John A. Reuling, Jr., Assistant Attorney General, argued the cause and filed the answering memoranda for respondent. With him on the memoranda were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This original proceeding consolidates three challenges to a certified ballot title for a proposed initiative measure to amend Article I of the Oregon Constitution by adding a new section 41. We modify the certified ballot title.

The proposed initiative measure provides:

"Section 41 is added to Article I of the Oregon Constitution:

"(1)   The purpose of the criminal justice system is to protect the people of Oregon. This system shall be based on the principle that each individual is responsible for his/her acts. A just and effective criminal justice system depends on concern for the rights of crime victims. To ensure victims a meaningful role in the criminal justice system and to accord them due dignity and respect, victims of crime are hereby granted the following rights in all prosecutions for crimes and juvenile proceedings:

"(a)   The right to be informed of, to be present at, and to be heard at all criminal proceedings, including trial;

"(b)   The right to have all relevant evidence admissible against the criminal defendant;

"(c)   The right to be reasonably protected from the criminal defendant or the convicted criminal throughout the criminal justice process; sentences and release decisions are to be based on the principle of reasonable protection of the victim and the public;

"(d)   The right, upon request, to information about the conviction, sentence, imprisonment, criminal history and future release from physical custody of the criminal defendant or convicted criminal;

"(e)   The right, in an adult criminal prosecution, to a public trial without delay by an impartial jury;

"(f)   The right to have a copy of a transcript of any court proceeding, if one is otherwise prepared;

"(g)   The right that no law shall treat convictions for separate crimes involving a victim as a single conviction for purpose of determining a criminal defendant's criminal history.

"Unless provided otherwise by direct vote of the people, the rights conferred on victims by this section shall be limited only to the extent required by the United States Constitution;

nor shall Section 9, Article I and Section 12, Article I of this constitution be construed more broadly than the United States Constitution in criminal cases involving a victim.

"(2)   Nothing in this amendment shall reduce the rights that a criminal defendant has under the United States Constitution as interpreted by the United States Supreme Court.

"(3)   Nothing in this section shall affect any existing statutory rule relating to privilege or hearsay.

"(4)   Nothing in this amendment shall affect any existing statutory or constitutional right of the press.

"(5)   The district attorney is authorized to assert the rights conferred by this section in all criminal prosecutions and juvenile proceedings.

"(6)   'Victim' means persons who have suffered financial, social, psychological or physical harm as a result of a crime or juvenile offense, and includes, in the case of a homicide, a member of the immediate family of the decedent, and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim. In criminal cases involving the sale, possession, distribution, or manufacture of controlled substances or driving under the influence of intoxicants, the people of the State of Oregon, represented by the State of Oregon, are the victim.

"(7)   'Relevant evidence' means evidence having any tendency to prove the charge against the criminal defendant or establish the proper sentence for the criminal defendant."

The Attorney General certified the following ballot title to the Secretary of State pursuant to ORS 250.067(2):

"NEW CONSTITUTIONAL PROVISION
GIVES CRIME VICTIMS RIGHTS,
EXPANDS ADMISSIBLE EVIDENCE

"*Question:*   Shall new section of constitution give victims rights at criminal and juvenile proceedings, expand evidence court or jury may hear?

"[*Summary*]:   Adds new section to state constitution. Affects adult and juvenile criminal proceedings involving victims. Victim may attend and be heard at all proceedings. Sentencing and release decisions to be based on protecting victim and public. Victim may demand jury trial of adults. Victim may get information about defendant. Criminal history must treat separately separate crimes against same victim. All relevant evidence is admissable [*sic*] against criminal defendent [*sic*], but defendant keeps rights under U.S. Constitution. Defines victim broadly. District Attorney asserts victims' rights."[1]

---

[1] The Secretary of State may administratively correct the misspellings in the certified ballot title.

We review the certified ballot title for substantial compliance with the requirements of ORS 250.035[2] and ORS 250.039.[3] ORS 250.085(4). We will approve a certified ballot title which substantially complies with the statutory standards even if we do not believe it to be the best of all possible ballot titles. *See Deras v. Roberts,* 309 Or 250, 254 n 4, 785 P2d 1045 (1990); *Wah Chang v. Paulus,* 295 Or 762, 766, 670 P2d 1021 (1983). The ballot title is subject to "requirements of impartiality, conciseness and accuracy." ORS 250.039.

Four different petitioners have challenged various aspects of the certified ballot title. For reasons that will become clear hereafter, we deal with each petitioner separately.

## I

Petitioner Ransom contends that the certified ballot title fails to inform the voters that the initiative measure would significantly change several provisions of the Oregon Constitution. He argues that: the measure would render Article I, sections 9[4] and 12[5] "meaningless"; it would amend Arti-

---

[2] ORS 250.035 provides in part:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more that 85 words summarizing the measure and its major effect."

[3] ORS 250.039 provides:

"For all measures, the Secretary of State by rule shall designate a test of readability and adopt a standard of minimum readability for a ballot title. The ballot title shall comply with the standard to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

[4] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

[5] Article I, section 12, provides:

"No person shall be put in jeopardy twice for the same offence [*sic*], nor be compelled in any criminal prosecution to testify against himself."

cle I, section 11,[6] by eliminating a criminal defendant's right to waive trial by jury; it would amend Article I, sections 14[7] and 16[8] "to the extent inclusion of protection of the victim and public is constitutionally required;" and Article I, section 15[9] would be "deleted from the [Oregon] Bill of Rights." Ransom also argues that the measure would "eviscerate" the authority of the Oregon Supreme Court by limiting this court's authority to interpret certain provisions of the Oregon Constitution.

The thrust of Ransom's arguments is that, while the proposed initiative measure on its face appears to provide certain rights to crime victims, the new measure would, in fact, significantly change the Oregon Constitution and the judicial power of the Oregon Supreme Court to the detriment of all citizens, changes that are nowhere reflected in the certified ballot title.[10]

---

[6] Article I, section 11, provides in part:

"In all criminal prosecutions, * * * any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing; * * *"

[7] Article I, section 14, provides:

"Offences [sic], except murder, and treason, shall be bailable by sufficient sureties. Murder or treason, shall not be bailable, when the proof is evident, or the presumption strong."

[8] Article I, section 16, provides:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense. In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

[9] Article I, section 15, provides:

"Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

[10] Ransom also argues that (1) the certified ballot title suggests that no victims' rights presently exist in Oregon, whereas, he asserts, that many such rights exist under present statutes; (2) changes in the Oregon Evidence Code are not explained, nor is it explained that different evidentiary rules would apply in criminal and civil cases; (3) the certified ballot title fails to state the need for two-track systems in criminal and juvenile cases for cases in which there are, or in contrast are not, victims; and (4) the certified ballot title does not explain what the measure means when it provides that victims shall have the right "to be heard at all criminal justice proceedings." Ransom made none of these arguments in his comments to the Secretary of State on the draft ballot title. Nor do these arguments concern language added to or removed from the draft ballot title. Ransom therefore lacks standing to make these arguments now. ORS 250.085(5).

We also decline to consider Ransom's contention that the certified ballot title fails

Ransom proposes the following ballot title:

"REDUCES CONSTITUTIONAL GUARANTEES,
SUPREME COURT AUTHORITY;
CHANGES CRIMINAL PROCEEDINGS PROCEDURES

"*Question:* Shall new section of Constitution reduce citizens' constitutional guarantees, restrict the Oregon Supreme Court and change criminal proceedings procedures?

"[*Summary*]: Adds section to Oregon Constitution diminishing citizens' constitutional rights. Restricts Supreme Court authority to interpret Constitution's Bill of Rights. Adds statutorily-granted victims' rights. Changes adult and juvenile criminal proceedings procedures; victims may attend and be heard. Protection of victims primary sentencing and release consideration. State may demand jury trial of adults. Criminal histories available to victims. Separate crimes treated separately. Relevant evidence defined to exclude consideration of Oregon Constitution but must be consistent with United States Constitution. Defines victim."

Respondent answers that the ballot title makes it clear that the initiative measure is intended to alter the constitutional rights of citizens, because the title states that the measure is a new constitutional provision relating to all citizens, including criminal defendants and crime victims, and that the measure's intent in so doing is to "give victims rights [and to] expand evidence [a] court or jury may hear." She asserts that the ballot title states most, *and the most important,* of the constitutional changes which the initiative measure would make, as well as the changes which the measure would make affecting the construction and application of present constitutional provisions. Respondent answers further that the ballot title's statement, "All relevant evidence is

---

to comply with the ORS 250.039 "readability" test. *See Deras v. Roberts, supra,* 309 Or at 259-60. His only comment to the Secretary of State on readability was:

"[B]ecause of the manner in which the title is couched, it is extremely misleading and confusion can only result."

That comment was an abstract observation, *Kafoury v. Roberts,* 303 Or 306, 311, 736 P2d 178 (1987) which had no relation to the substantive legal standard for readability. As used in ORS 250.039, readability is a statutory term whose meaning has been defined by the Secretary of State. OAR 164-14-045 adopts and modifies a test which quantifies a document's "readability" in terms of the average number of syllables per word and the average number of words per sentence. Ransom's comment is completely unrelated to that standard and, thus, does not preserve a readability challenge. ORS 250.085(5).

admissible against criminal defendant, but defendant keeps rights under U. S. Constitution," states most of the effect of the measure's requirement that Article I, sections 9 and 12 shall not "be construed more broadly than the United States Constitution."

Respondent answers further that any reduction of the Oregon Supreme Court's authority under the Oregon Constitution to interpret the "exclusionary rule" more broadly than that rule may be interpreted by the United States Supreme Court is "by far of most significance" to the measure, and her choice to cover that specific provision of the measure relating to admissibility of evidence, rather than the equally important but more general provision relating to judicial construction, having the same effect,[11] was reasonable and, therefore, unobjectionable. *See Pacific Power & Light v. Paulus,* 292 Or 826, 830, 643 P2d 871 (1982); *Priestley v. Paulus,* 287 Or 141, 146, 597 P2d 829 (1979).

## THE CAPTION

ORS 250.035(1)(a) requires a Caption of not more than 10 words which reasonably identifies the *subject* of the measure. Here, the subject of the measure is the creation of new rights for crime victims.

The Attorney General's Caption reads:

"NEW CONSTITUTIONAL PROVISIONS
GIVES CRIME VICTIMS RIGHTS,
EXPANDS ADMISSIBLE EVIDENCE"

We conclude that Ransom's focus on the loss of citizens' rights is misplaced. That may be the effect of the measure if it is approved. However, it is not the subject of the measure.

Ransom's proposed Caption, which reads:

"REDUCES CONSTITUTIONAL GUARANTEES,
SUPREME COURT AUTHORITY;
CHANGES CRIMINAL PROCEEDINGS PROCEDURES"

focuses on the measure's perceived effects; in so doing, it fails to reasonably identify the measure's subject as required by ORS 250.035(1)(a). We therefore reject Ransom's Caption

---

[11] Respondent argues that under present state law a violation of either Article I, section 9 or 12 results in exclusion of evidence obtained in violation of those sections.

and approve the certified Caption which, we conclude, substantially complies with the requirement that it reasonably identify the subject of the measure.

## THE QUESTION

ORS 250.035(1)(b) requires a Question of not more than 20 words which plainly phrases the *chief purpose*[12] of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure. The chief purpose of the initiative measure here is to give "crime victims' rights" constitutional stature at criminal and juvenile proceedings.

The certified Question reads:

> *"Question:* Shall new section of constitution give victims rights at criminal and juvenile proceedings, expand evidence court or jury may hear?"

Ransom asserts that the chief purpose of the initiative measure is "a well-disguised assault on the constitutional rights of the citizens of Oregon," and he complains that "[n]owhere in the [Question] are the far-reaching purposes of the proposed initiative mentioned." The sponsors' *motivation* in drafting the measure, however, has no place in the ballot title. *See Bauman v. Roberts,* 309 Or 490, 789 P2d 258 (1990). If the measure is placed on the ballot, the voters may consider the arguments of its proponents and opponents about the motives of each and decide the issue for themselves. The voters' pamphlet also provides space for interested citizens and organizations to make their arguments for or against the measure.

Ransom's proposed Question reads:

> *"Question:* Shall new section of constitution reduce citizens' constitutional guarantees, restrict the Oregon Supreme Court and change criminal proceedings procedures?"

---

[12] "Chief purpose" suggests the most significant aim or end which a measure is designed to bring about. The "chief purpose" requirements suggests that it should be determined in a manner analogous to legislative determination. The proposed measure should be reviewed for its unambiguous language and the context in which it was drafted and for statements made by its sponsors. Context would include the legal context, as well as the more particular circumstances under which a measure is drafted. *Glerum v. Roberts,* 308 Or 22, 28, 774 P2d 1093 (1989).

Here again, his focus is on a perceived loss of constitutional rights, which, as explained earlier, may be the effect of the measure's passage. It is not, however, the measure's chief purpose. We therefore reject Ransom's Question and approve the certified Question which, we conclude, satisfies the statutory standard.

## THE SUMMARY

■    ORS 250.035(1)(c) requires a concise and impartial statement of not more than 85 words *summarizing the measure and its major effect.* This is the portion of the ballot title that *is* intended to focus on a measure's effect.

The certified Summary reads:

"[*Summary*]:    Adds new section to state constitution. Affects adult and juvenile criminal proceedings involving victims. Victim may attend and be heard at all proceedings. Sentencing and release decisions to be based on protecting victim and public. Victim may demand jury trial of adults. Victim may get information about defendant. Criminal history must treat separately separate crimes against same victim. All relevant evidence is admissable [*sic*] against criminal defendent [*sic*], but defendant keeps rights under U.S. Constitution. Defines victim broadly. District Attorney asserts victims' rights."

We conclude that the certified Summary is deficient in two respects. Something must be said about the effect the measure's passage would have on existing state constitutional rights, and on the power of this state's courts to independently interpret the Oregon Constitution. These are important components of the measure which should be mentioned in the Summary if that can be done within the 85-word limit imposed by ORS 250.035(1)(c). We conclude that it can be done.

With the foregoing in mind, we modify the certified Summary to read:

"*Summary:*    Adds new section to state constitution. Affects adult, juvenile criminal proceedings involving victims. Victim may attend, be heard at proceedings, demand jury trial of adults; get information about defendant. Criminal history must treat separately separate crimes against same victim. Sentencing and release decisions based on protecting victim and public. All relevant evidence admissible against defendant, but defendant keeps federal constitutional rights. In

criminal cases with victims, state courts may not interpret some state constitutional rights to give defendants more rights than given by federal constitution."

## II

Petitioner Shepard also makes several arguments against the Attorney General's certified ballot title. Petitioner Kouns moves to dismiss Shepard's petition because he did not file with the Secretary of State comments and arguments concerning the Attorney General's draft ballot title.[13] That motion is well taken. We dismiss Shepard's petition. ORS 250.085(5). *See McMurdo v. Roberts,* 309 Or 318, 320-21, 786 P2d 1268 (1990); *Kafoury v. Roberts,* 303 Or 306, 736 P2d 178 (1987).

## III

Petitioner Kouns is a chief petitioner for this initiative measure. The *only* contention she makes in this court is that the word "AMENDMENT" should be substituted for the word "PROVISION" in the Caption. Kouns did not make that argument in her comments to the Secretary of State. She therefore is foreclosed from so arguing now. We dismiss Kouns's petition. ORS 250.085(5). *See McMurdo v. Roberts, supra; Kafoury v. Roberts, supra.*

## IV

Petitioner The American Civil Liberties Union of Oregon, Inc. (ACLU), lacks standing to challenge the certified ballot title because the ACLU is not an "elector." We dismiss the ACLU's petition. ORS 250.085(2); 250.005(2); *see Brown v. Roberts,* 309 Or 667, 791 P2d 488 (1990).

In summary, we certify the following ballot title to the Secretary of State:

"NEW CONSTITUTIONAL PROVISIONS
GIVES CRIME VICTIMS RIGHTS,
EXPANDS ADMISSIBLE EVIDENCE

"*Question:* Shall new section of constitution give victims rights at criminal and juvenile proceedings, expand evidence court or jury may hear?

---

[13] Shepard does not contend that his arguments in this court concern language added to or removed from the draft ballot title after expiration of the ORS 250.067 comment period. We reject Shepard's separate argument that he may "piggy-back" his petition on Ransom's comments to the Secretary of State.

*"Summary:* Adds new section to state constitution. Affects adult, juvenile criminal proceedings involving victims. Victim may attend, be heard at proceedings, demand jury trial of adults; get information about defendant. Criminal history must treat separately separate crimes against same victim. Sentencing and release decisions based on protecting victim and public. All relevant evidence admissible against defendant, but defendant keeps federal constitutional rights. In criminal cases with victims, state courts may not interpret some state constitutional rights to give defendants more rights than given by federal constitution."

Ballot title certified as modified.

Petitions S36790 and S36793 are dismissed.

Petition S36784 is dismissed as to petitioner The American Civil Liberties Union of Oregon, Inc.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this decision will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator within seven days of the date of this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.