Argued and submitted March 27, petition to review ballot title dismissed April 20,
reconsideration denied May 15, 1990

BROWN et al,
*Petitioners,*

*v.*

ROBERTS,
*Respondent.*

(SC S36955)

791 P2d 488

Charles E. Corrigan, of O'Donnell, Ramis, Elliott & Crew, Portland, argued the cause and filed the petition for petitioners.

No appearance *contra.*

UNIS, J.

**UNIS, J.**

■     This original proceeding, brought under ORS 250.085, involves a challenge to a proposed initiative measure's ballot title certified by the Attorney General to the Secretary of State. The ballot title is for a statutory measure which is described as "Mobilehome Owners Bill of Rights." Petitioners Brown and Peach did not file with the Secretary of State comments and arguments concerning the Attorney General's draft ballot title. We, therefore, dismiss their petitions for review.

■     Petitioner Oregon Mobile Home Park Association is not an "elector" as that term is defined in ORS 250.005[1] and, therefore, is not entitled to bring this proceeding. *See* ORS 250.085(2).[2] We, therefore, dismiss its petition for review.

■     We also dismiss petitioner Miner's petition for review in this proceeding. Although petitioner Miner filed with the Secretary of State timely written comments and arguments concerning the Attorney General's draft ballot title, he did so in his capacity as Executive Director of Oregon Manufactured Housing Association and not in his individual capacity. Oregon Manufactured Housing Association is not a petitioner in this proceeding, nor could it be because it is not an "elector." *See* ORS 250.005(2); 250.085(2).

Petition to review ballot title dismissed.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this certified ballot title will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator within seven days of the date of

---

[1] ORS 250.005(2) provides:

" 'Elector' means an individual qualified to vote under section 2, Article II, Oregon Constitution."

[2] ORS 250.085(2) provides:

"Any elector dissatisfied with a ballot title for an initiated or referred measure certified by the Attorney General and who timely submitted written comments on the draft ballot title may petition the Supreme Court seeking a different title. The petition shall state the reasons the title filed with the Secretary of State does not substantially comply with the requirements of ORS 250.035 and 250.039."

this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.