Argued and submitted November 6, ballot title certified by Attorney General approved and certified to the Secretary of State December 6, 1990, reconsideration denied January 3, 1991

## Ross M. SHEPARD,
## John S. Ransom, Marc D. Blackman and Lisa Maxfield,
*Petitioners,*

## Doris D. KOUNS,
*Intervenor,*

*v.*

## Barbara ROBERTS,
*Respondent.*

(SC S37541)

802 P2d 654

John J. Tyner, III, Hillsboro, argued the cause and submitted the petition for petitioners on review.

John A. Bennett, Portland, argued the cause for intervenor, Doris D. Kouns.

Before Peterson, Chief Justice, and Carson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this original proceeding under ORS 250.085, petitioners challenge a ballot title certified by the Attorney General to the Secretary of State for a proposed initiative petition to amend Article I of the Oregon Constitution by adding a new section 41.[1]

---

[1] The proposed initiative measure provides:

"Section 41 is added to Article I of the Oregon Constitution:

"(1) The purpose of the criminal justice system is to protect the people of Oregon. This system shall be based on the principle that each individual is responsible for his/her acts. A just and effective criminal justice system depends on concern for the rights of crime victims. To ensure victims a meaningful role in the criminal justice system and to accord them due dignity and respect, victims of crime are hereby granted the following rights in all prosecutions for crimes and juvenile proceedings:

"(a) The right to be informed of, to be present at, and to be heard at all criminal proceedings, including trial;

"(b) The right to have all relevant evidence admissible against the criminal defendant;

"(c) The right to be reasonably protected from the criminal defendant or the convicted criminal throughout the criminal justice process; sentences and release decisions are to be based on the principle of reasonable protection of the victim and the public;

"(d) The right, upon request, to information about the conviction, sentence, imprisonment, criminal history and future release from physical custody of the criminal defendant or convicted criminal;

"(e) The right, in an adult criminal prosecution, to a public trial without delay by an impartial jury;

"(f) The right to have a copy of a transcript of any court proceeding, if one is otherwise prepared;

"(g) The right that no law shall treat convictions for separate crimes involving a victim as a single conviction for purpose of determining a criminal defendant's criminal history.

"Unless provided otherwise by direct vote of the people, the rights conferred on victims by this section shall be limited only to the extent required by the United States Constitution; nor shall Section 9, Article I and Section 12, Article I of this constitution be construed more broadly than the United States Constitution in criminal cases involving a victim.

"(2) Nothing in this amendment shall reduce the rights that a criminal defendant has under the United States Constitution as interpreted by the United States Supreme Court.

"(3) Nothing in this section shall affect any existing statutory rule relating to privilege or hearsay.

"(4) Nothing in this amendment shall affect any existing statutory or constitutional right of the press.

"(5) The district attorney is authorized to assert the rights conferred by this

The Attorney General certified the following ballot title to the Secretary of State pursuant to ORS 250.067(2):

> "NEW CONSTITUTIONAL PROVISIONS [*sic*] [2]
> GIVES CRIME VICTIMS RIGHTS,
> EXPANDS ADMISSIBLE EVIDENCE
>
> "QUESTION:   Shall new section of constitution give victims rights at criminal and juvenile proceedings, expand evidence court or jury may hear?
>
> "SUMMARY:   Adds new section to state constitution. Affects adult, juvenile criminal proceedings involving victims. Victim may attend, be heard at proceedings, demand jury trial of adults; get information about defendant. Criminal history must treat separately separate crimes against same victim. Sentencing and release decisions based on protecting victim and public. All relevant evidence admissible against defendant, but defendant keeps federal constitutional rights. In criminal cases with victims, state courts may not interpret some state constitutional rights to give defendants more rights than given by federal Constitution."

The certified ballot title is identical to a previous ballot title certified by this court on an identical initiative petition in *Ransom v. Roberts,* 309 Or 654, 791 P2d 489 (1990). We approve the certified ballot title here.

■        Petitioners first contend that the certified ballot title does not substantially comply with the requirements of ORS

---

section in all criminal prosecutions and juvenile proceedings.

"(6) 'Victim' means persons who have suffered financial, social, psychological or physical harm as a result of a crime or juvenile offense, and includes, in the case of a homicide, a member of the immediate family of the decedent, and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim. In criminal cases involving the sale, possession, distribution, or manufacture of controlled substances or driving under the influence of intoxicants, the people of the State of Oregon, represented by the State of Oregon, are the victim.

"(7) 'Relevant evidence' means evidence having any tendency to prove the charge against the criminal defendant or establish the proper sentence for the criminal defendant."

[2] We note that, due to a typographical error, the Caption of the ballot title approved by this court in *Ransom v. Roberts,* 309 Or 654, 665, 791 P2d 489 (1990), used the word "provisions." We intended in that case, and we intend in this case, that the word "provision" be used. The certified Caption in this case therefore is:

NEW CONSTITUTIONAL PROVISION
GIVES CRIME VICTIMS RIGHTS,
EXPANDS ADMISSIBLE EVIDENCE

250.035 and ORS 250.039.[3] They ask us to approve their proposed ballot title. With two exceptions, noted below, petitioners' arguments and their proposed ballot title are identical to the arguments and proposed ballot title that this court rejected in *Ransom v. Roberts, supra.* For the reasons explained in that case, we reject petitioners' arguments and proposed draft ballot title. The certified ballot title in this case satisfies the statutory standards. *Ransom v. Roberts, supra.*

Petitioners argue that the term "victims' rights" "provokes prejudicial emotional responses with the electorate" and, therefore, should not be allowed in the certified ballot title's Caption. Petitioners, however, did not make that argument in their written comments to the Secretary of State on the draft ballot title. We therefore do not consider it. ORS 250.085(5); *Ransom v. Roberts, supra,* 309 Or at 665.

■ Petitioners next contend, for the first time in this court, that "the certified ballot title constitutes a revision and not an amendment to the Oregon Constitution" in violation of Article XVII, section 2, subsection (1), of the Oregon Constitution.[4] Petitioners' argument, however, is not that the *ballot title* is a revision of the Oregon Constitution, rather, their argument is that the *measure* is a revision of the Oregon Constitution. This case is before this court in an original proceeding only to consider the sufficiency of the ballot title,

---

[3] Petitioners' contention that the certified ballot title violates ORS 250.039 is not supported by any argument or authority. We therefore do not consider it.

[4] Article XVII, section 2, subsection (1), of the Oregon Constitution provides:

"In addition to the power to amend this Constitution granted by section 1, Article IV, and section 1 of this Article, a revision of all or part of this Constitution may be proposed in either house of the Legislative Assembly and, if the proposed revision is agreed to by at least two-thirds of all the members of each house, the proposed revision shall, with the yeas and nays thereon, be entered in their journals and referred by the Secretary of State to the people for their approval or rejection, notwithstanding section 1, Article IV of this Constitution, at the next regular State-wide primary election, except when the Legislative Assembly orders a special election for that purpose. A proposed revision may deal with more than one subject and shall be voted upon as one question. The votes for and against the proposed revision shall be canvassed by the Secretary of State in the presence of the Governor and, if its appears to the Governor that the majority of the votes cast in the election on the proposed revision are in favor of the proposed revision, he shall, promptly following the canvass, declare, by his proclamation, that the proposed revision has received a majority of votes and has been adopted by the people as the Constitution of the State of Oregon or as a part of the Constitution of the State of Oregon, as the case may be. The revision shall be in effect as the Constitution or as a part of this Constitution from the date of such proclamation."

pursuant to ORS 250.085(4), and is not the forum to consider petitioners' claim as an original matter.

The ballot title certified by the Attorney General is approved and certified to the Secretary of State.

Pursuant to ORAP 11.30(1) and notwithstanding ORAP 9.25(1), this certified ballot title will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator within seven days of the date of this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.