575

Argued and submitted January 3, ballot title certified February 8, 1996

John POTTER
and David Fidanque,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent.*

(SC S42823)

910 P2d 377

John J. Tyner, III, Hillsboro, argued the cause and filed the petition for petitioners.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

GRABER, J.

## GRABER, J.

This is an original proceeding in which petitioners challenge the Attorney General's ballot title for a proposed initiative measure. Petitioners are electors who, in a timely manner and pursuant to ORS 250.067(1), submitted written comments about the Attorney General's draft ballot title. Accordingly, they are entitled to seek a different title in this court. ORS 250.085(2). We certify the Attorney General's ballot title to the Secretary of State, without modification.

The proposed initiative measure would add the following to Article I of the Oregon Constitution:

"(1)  To ensure crime victims a meaningful role in the criminal and juvenile justice system, to accord them due dignity and respect, and to ensure that persons who violate laws for the punishment of crime are apprehended, convicted and punished, the following rights are hereby granted to victims in all prosecutions from crimes and juvenile delinquency proceedings:

"(a)  The right to be reasonably protected from the criminal defendant or the convicted criminal throughout the criminal justice process; decisions as to the pretrial release of the defendant are to be based on the principle of reasonable protection of the victim and the public; any person arrested for a crime for which the People have set a mandatory minimum sentence shall not be released prior to trial unless a court determines by clear and convincing evidence that the person will not commit new criminal offenses while on release;

"(b)  The right to be present at, to be heard at, and, upon specific request, to be informed in advance of any critical stage of the proceedings where the criminal defendant is present, including trial;

"(c)  The right, upon request, to information about the conviction, sentence, imprisonment, criminal history and future release from physical custody of the criminal defendant or convicted criminal;

"(d)  The right to refuse an interview, deposition or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

"(e)  The right to receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury.

"(f)    The right to have all relevant evidence admissible against the criminal defendant;

"(g)    The right, in a criminal prosecution, to a public trial without delay by a jury selected from registered voters and composed of persons who have not been convicted of a felony or served a felony sentence within the last 15 years, except that no court shall hold that a jury is required in juvenile court delinquency proceedings.

"(h)    The right to have eleven members of the jury render a verdict of guilty of aggravated murder or murder, notwithstanding any other law or provision of this Constitution;

"(i)    The right to have a copy of a transcript of any court proceeding, if one is otherwise prepared;

"(j)    The right that no law shall permit a sentence imposed by a judge in open court to be set aside or otherwise not carried out except through the reprieve, commutation, and pardon power of the governor or pursuant to appellate or post-conviction relief;

"(k)    The right that no law shall limit the court's authority to sentence a criminal defendant consecutively for crimes against different victims;

"(l)    The right to have all charges against a criminal defendant tried in a single trial; subject to rules regarding venue;

"(m)    The right to be consulted, upon request, regarding plea negotiations involving any violent felony; and

"(n)    The right to be informed of these rights as soon as reasonably practicable.

"(2)    The rights conferred on victims by this section shall be limited only to the extent required by the United States Constitution; Section 9, Article I and Section 12, Article I of this Constitution shall not be construed more broadly than the United States Constitution and in criminal cases involving a victim, the validity of prior convictions shall not be litigated except to the extent required by the United States Constitution.

"(3)    This section shall not reduce a criminal defendant's rights under the United States Constitution, reduce any existing right of the press, or affect any existing statutory rule relating to privilege or hearsay.

"(4)   As to the decision to initiate criminal or juvenile proceedings and as to the conduct and prosecution of such proceedings, it is the district attorney who is authorized to assert the rights conferred on victims by this section.

"(5)   'Victim' means persons who have suffered financial, social, psychological or physical harm as a result of a crime or juvenile offense, and includes, in the case of a homicide, a member of the immediate family of the decedent, and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim. In criminal cases not involving a victim, the people of the State of Oregon, represented by the State of Oregon, shall have the same rights conferred by this section on victims.

"(6)   'Relevant evidence' means evidence having any tendency to prove the charge against the criminal defendant or establish the proper sentence for the criminal defendant.

"(7)   In criminal cases prosecuted by a municipality, 'district attorney' as used in this section includes the city attorney.

"(8)   'Criminal defendant' includes juvenile offenders in juvenile court delinquency proceedings.

"(9)   This section creates no new civil liabilities."

For that measure, the Attorney General certified the following ballot title to the Secretary of State:

### "AMENDS CONSTITUTION: GIVES CRIME VICTIMS RIGHTS, EXPANDS ADMISSIBLE EVIDENCE, LIMITS PRETRIAL RELEASE

"RESULT OF 'YES' VOTE:   Vote 'yes' to add crime victims' rights to constitution, expand evidence admissible in criminal trials.

"RESULT OF 'NO' VOTE:   Vote 'no' to leave state constitution without specific protections for victims, retain current evidence standards.

"SUMMARY:   Adds new section to state constitution. Affects adult, juvenile criminal proceedings involving victims. Prohibits pretrial release for certain defendants unless judge finds defendant will not commit new crimes if released. Victims may attend, be heard at proceedings, demand jury trials of adults, get information about defendant. Allows murder, aggravated murder, conviction on 11-1 vote. Most relevant evidence admissible against defendant, except as required by federal constitution. State courts may

not independently interpret some state constitutional rights to give defendants more rights than given by federal constitution."

Petitioners challenge each portion of the Attorney General's certified ballot title. Pursuant to ORS 250.085(5), we review that title for substantial compliance with the requirements of ORS 250.035.

## CAPTION

■ ORS 250.035(2)(a) requires a "caption of not more than 10 words that reasonably identifies the subject matter of the state measure." Petitioners challenge the use of the phrase "victims rights" in the Caption. They contend that "[t]he portions of the measure which enshrine specific protections for the victims of crime, pale in importance" beside the diminution of the "present and future civil liberties of all Oregonians" who are charged with crimes. Petitioners argue that the measure would not add any rights, but only would delete rights for those who are charged with crimes. Petitioners also argue that the phrase "victims rights" "provokes a prejudicial emotional response."

This court considered and rejected a very similar challenge in *Ransom v. Roberts*, 309 Or 654, 791 P2d 489 (1990). That case considered the ballot title for a proposed measure that would have added sections to Article I of the Oregon Constitution, many of which were similar (and, indeed, in some instances identical) to the ones proposed here. 309 Or at 657-58. The caption under consideration in that case was: "NEW CONSTITUTIONAL PROVISION[] GIVES CRIME VICTIMS RIGHTS, EXPANDS ADMISSIBLE EVIDENCE." The petitioner in that case made the same arguments challenging the caption as are made here, *id.* at 659-60, and this court rejected them:

"We conclude that [the petitioner's] focus on the loss of citizens' rights is misplaced. That may be the effect of the measure if it is approved. However, it is not the subject of the measure." *Id.* at 662.

In *Shepard v. Roberts*, 310 Or 777, 802 P2d 654 (1990), this court considered the same proposed measure and ballot title that it had addressed in *Ransom*, 310 Or at 780. Again, the petitioners made the arguments that petitioners

raise here, and again this court rejected those arguments. *Id.* at 782.

Although *Ransom* and *Shepard* were decided before the 1995 amendment of ORS 250.035, that amendment created no substantive change to the statutory requirement for the caption. Like the very similar measure considered in *Ransom* and *Shepard*, the proposed measure now before us is, by its own terms, addressed to adding provisions to Article I of the Oregon Constitution, concerning the rights for victims, as well as to the expansion of admissible evidence and the limitation of pretrial release.

We conclude that the Caption complies substantially with the requirements of ORS 250.035(2)(a).

## RESULT STATEMENTS

ORS 250.035(2)(b) and (c) require a "simple and understandable statement of not more than 15 words that describes the result if the state measure is approved" and a "simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected." Those statements "shall be written so that, to the extent practical, the language of the two statements is parallel." ORS 250.035(3).

Petitioners argue that the "yes" Result Statement "fails to inform potential signers of the measure [*sic*] that the chief purpose of the measure is to curtail the civil rights and liberties of all people in the State of Oregon." For two reasons, that argument is unpersuasive.

First, the "purpose" of the measure is not what the Result Statement is required to convey.[1] Rather, the "yes" statement must describe "the result" of enactment.

Second, the Attorney General's choice to focus on the addition of rights for victims of crime, instead of on the deletion of rights for persons charged with crime, complies

---

[1] Before the 1995 amendments, ORS 250.035(1)(b) (1993) required in part that a ballot title contain a "question * * * which plainly phrases the chief purpose of the measure."

substantially with the statutory directive. As with the Caption, the reason for substantial compliance is that the proposed measure itself, by its terms, focuses on victims.

We conclude that the "yes" Result Statement complies substantially with the statutory requirements.

■ With regard to the "no" Result Statement, petitioners contend that the Attorney General's version "fails to reflect the fact that the primary result of a 'no' vote would be to maintain current constitutional protections for persons accused of crimes." We already have answered that general contention respecting the focus of the ballot title.

Petitioners also argue generally that the "no" statement "improperly indicates that failure to pass the initiative would leave the state constitution without specific protection for victims." At oral argument, petitioners asserted that the "no" statement is not limited to victims *of crime* and that the protections of Article I, section 10, apply to victims in other respects. That argument is unpersuasive for two reasons. First, the "yes" and "no" statements should be read together; in context, we believe that no voter will misunderstand that this entire measure and this entire ballot title relate to victims of crime. Second, it is accurate to say that the state constitution (as distinct from state statutes) contains no "specific protections" for victims of crime.

We conclude that the "no" Result Statement complies substantially with the statutory requirements.

## SUMMARY

■ ORS 250.035(2)(d) requires a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

Petitioners assert that the Summary is misleading, because it does not inform voters sufficiently that Article I, sections 9 and 12, "will be rendered meaningless by the passage of this measure."[2] Again, petitioners wish to shift the focus from the addition of rights for victims of crime to

---

[2] As quoted above, section (2) of the proposed measure provides in part that "Section 9, Article I and Section 12, Article I of this Constitution shall not be construed more broadly than the United States Constitution."

the deletion of rights for persons charged with crime. As discussed above, the Attorney General's focus complies substantially with the statute.

Petitioners' specific concern seems to be addressed to the sentence in the Summary that states: "State courts may not independently interpret some state constitutional rights to give defendants more rights than given by federal constitution." That sentence conveys the way in which the proposed measure would affect Article I, sections 9 and 12. Indeed, that sentence derives from this court's opinion in *Ransom*. The Summary certified by the Attorney General there did not include any mention of a similar provision in the proposed measure discussed in that case.[3] This court concluded that something had to be said about "the effect the measure's passage would have on * * * the power of this state's courts to independently interpret the Oregon Constitution." 309 Or at 664. Therefore, this court certified a Summary that included this sentence, which is substantively the same as the one included in the Summary in this case: "In criminal cases with victims, state courts may not interpret some state constitutional rights to give defendants more rights than given by federal constitution." *Id.* at 666.

The statutory requirement to summarize the measure and its major effect remains unchanged after the 1995 amendments to ORS 250.035. For that reason, what this court wrote in *Ransom* is instructive.

We conclude that the Summary complies substantially with the statutory requirements.

In accordance with the foregoing discussion, we certify to the Secretary of State the Attorney General's certified ballot title, without modification.

Ballot title certified.

---

[3] In *Ransom*, the proposed measure provided in part that "Section 9, Article I and Section 12, Article I of this constitution [shall not] be construed more broadly than the United States Constitution." 309 Or at 658.