Submitted on record and briefs November 2, ballot title certified as modified December 2, 1987

SAJO,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S34517)

OREGON FREE FROM DRUG ABUSE,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S34516)
(Consolidated Cases)

746 P2d 214

Petitioner John A. Sajo, Portland, submitted his petition for review *pro se.*

Henry Kane, Beaverton, submitted the petition for review for petitioner Oregon Free From Drug Abuse.

John A. Reuling, Jr., Assistant Attorney General, Salem, filed respondent's answering memoranda. With him on the

memoranda were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

The Attorney General prepared a ballot title for an initiative petition to change Oregon's law governing marijuana. The ballot title is challenged by petitioner Sajo, who describes himself as the chief petitioner of the proposed initiative measure, and by Oregon Free From Drug Abuse, which describes itself as a nonprofit corporation opposed to drug abuse. Both petitioners submitted timely arguments concerning the proposed ballot title to the Secretary of State. ORS 250.067(1).[1]

The proposed initiative measure is long and need not be set out in full. In summary, the measure proposes that notwithstanding existing prohibitions of Oregon law, a person over the age of 21 years may possess for personal use up to four ounces of dry marijuana at any residence or cultivate not more than three marijuana plants at the person's residence, provided the person obtains a "cannabis personal use certificate" from a county health department for a fee of $50. The revenue generated by these fees beyond the costs of administration is to be used one half for drug and alcohol abuse prevention and one half for county health programs. Other sections prohibit consumption or possession of marijuana in a motor vehicle on a highway and exempt from Oregon criminal penalties medical practitioners who prescribe or advise the use of marijuana for therapeutic purposes.

The standards for ballot titles, as amended effective September 27, 1987, provide:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

---

[1] The statutes provide that if a person submits to the Secretary of State timely comments concerning a draft ballot title but remains unsatisfied with the title after the Attorney General has considered the comments, the person may petition the Supreme Court for review of the ballot title. The petitioner's arguments are limited to those previously presented to the Secretary of State unless the text was later changed. ORS 250.067, 250.085.

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect.

"(2) The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

ORS 250.035 *as amended by* Or Laws 1987, ch 875, § 1.

The ballot title prepared by the Attorney General states:

### "LEGALIZES MARIJUANA POSSESSION IN LIMITED AMOUNTS BY ADULTS WITH CERTIFICATE

"Question: Shall Oregon law allow certified persons, 21 or older, to possess and cultivate marijuana in limited amounts at residence?

"Explanation: Legalizes private possession and cultivation of not more than 4 ounces dried marijuana and 3 marijuana plants at residence by person 21 or older with annual $50 certificate. Certificate revenues used for county drug and health programs. Without certificate, this possession/cultivation is Class A misdemeanor. Possession/cultivation of more marijuana punishable as felony. Having marijuana in motor vehicle, Class B traffic infraction. $250 fine for person under 21 acquiring marijuana. Legalizes medically prescribing marijuana."

## I.

Petitioner Sajo objects to the choice of the word "legalize" in the ballot title. He maintains that neither the purpose nor the effect of the measure is to "legalize" the possession or cultivation of marijuana. In addition to contentions concerning the popular or dictionary meanings of the word, petitioner points to continued federal prohibition of the acts that the Attorney General's ballot title would describe as "legalized" by the measure:

"The initiative merely eliminates Oregon's criminal penalties and can have no effect on federal statutes. Any adult's certified possession of personal use amounts of marijuana will continue to be illegal under federal statutes (Title 21 U.S.C. section 810 et seq). Therefore the activity will not be 'legalized.' Some of the criminal penalties at the state level are being eliminated."

Petitioner also observes that federal law and some county

ordinances provide for the seizure and civil forfeiture of property upon which marijuana is cultivated, and he argues that lay persons would not consider "legal" an activity for which such sanctions could be imposed.

The Attorney General's response to these arguments states only: "The proposed measure makes possession of marijuana (including cultivation) legal in limited amounts and circumstances, so far as Oregon law is concerned. The Attorney General's caption adequately and accurately identifies the measure." The remainder of the response is addressed to petitioner's proposed alternative ballot title, including petitioner's suggestion that "decriminalize" would be a better term than "legalize" to describe the purpose and effect of the initiative measure.

This court's task is to review the Attorney General's ballot title, not the challenger's alternative. ORS 250.085(4) provides:

> "The court shall review the title for substantial compliance with the requirements of ORS 250.035 and 250.039, and shall certify a title meeting this standard to the Secretary of State."

The issue therefore is whether the proposed ballot title substantially complies with ORS 250.035 in that the caption "reasonably identifies the subject of the measure," that the question "plainly phrases the chief purpose of the measure," and that the ballot title provides a "concise and impartial statement * * * summarizing the measure and its major effect."

Respondent maintains that "reasonably identifies" does not mean "details the contents" of the measure, and that even a phrase such as "marijuana measure" might suffice as an identifying caption. Perhaps it might. This does not mean that any caption passes muster as long as it permits a subscriber or voter to "identify" the measure among other measures. When a caption does undertake to give a capsule description of the measure, as captions traditionally have sought to do, the description must be accurate, or at least as close to accurate and neutral as the 10-word limit permits. The same is true of the "Question," which requires a 20-word phrasing of "the chief purpose of the measure," and of the

"concise and impartial statement," which is to summarize "the measure and its major effect."

We agree with petitioner that the verb "legalize" is not entirely accurate and possibly, even though unintentionally, may leave a not wholly impartial impression on the reader. "Legalize" in some contexts may connote no more than action ending a prior "illegal" status. In other contexts it may connote affirmative legal sanctions, for instance, legal enforcement of previously illegal gambling contracts. We can only speculate whether some persons think that only criminal behavior is "illegal," while others may not consider it "legal" not to pay one's debts or to park "illegally," despite the absence of criminal penalties. Petitioner's point that the initiative measure does not displace federal criminal laws, however, applies equally against his proposed substitute of the term "decriminalize."

We need not choose between these two imprecise verbs. The proposed initiative measure (apart from its medical exception) neither "legalizes" nor "decriminalizes" possession or cultivation of marijuana even under Oregon law unless a person has obtained the required certificate. Like any license or permit, the certificate exempts its holder from Oregon laws forbidding the regulated conduct without a license. This can be expressed by amending the 10-word caption to read: "Permits, with certificate, limited marijuana possession, cultivation for personal use," a phrasing that also leaves room to add a reference to cultivation. Similar modifications can be made in the "Explanation."[2]

## II.

Petitioner Oregon Free From Drug Abuse challenges the Attorney General's ballot title on several grounds. Petitioner objects to the "title part" (the caption) because it does not disclose that the measure "legalizes cultivation or growing of marijuana." We have dealt with that issue above. Petitioner also objects that the caption does not refer to the medical provision of the initiative measure, but petitioner's own proposed caption does not do that, and it is unnecessary. The

---

[2] ORS 250.035 calls for a "statement * * * summarizing the measure and its major effect." Perhaps this part of a ballot title should correctly be labeled "Summary" or "Summary statement," but no question has been raised about the Attorney General's use of the word "Explanation."

same is true of petitioner's objection that the caption (or the "Explanation," if respondent correctly surmises petitioner's intent) does not disclose that the counties are not to keep records of the identities of persons who obtain personal use certificates.

Petitioner objects to the "Explanation" for failing to disclose that federal marijuana laws would not be affected by the initiative measure. This raises a potential issue whether a statement of the "major effect" of a measure, ORS 250.035(1)(c), may sometimes be misleading if it does not correctly describe the limits of that effect. The issue might arise in the present case if the ballot title retained the term "legalize" without stating that this would be the effect on Oregon law and that federal law would be unaffected, as petitioner says it should. Because we modify the ballot title, elimination of the term "legalize" adequately resolves the issue here. We also replace the virgule (/) between the words possession and cultivation in the title with the word "or."

Accordingly, we certify the following ballot title to the Secretary of State:

PERMITS, WITH CERTIFICATE,
LIMITED MARIJUANA POSSESSION,
CULTIVATION FOR PERSONAL USE

Question: Shall Oregon law allow certified persons, 21 years or older, to possess and cultivate marijuana at residence?

Explanation: Permits private possession and cultivation of not more than 4 ounces dried marijuana and 3 marijuana plants at residence by person 21 or older with annual $50 certificate. Certificate revenues used for county drug and health programs. Without certificate, this possession or cultivation is Class A misdemeanor. Possession or cultivation of more marijuana is punishable as felony. Having marijuana in motor vehicle is a Class B traffic infraction. $250 fine for person under 21 acquiring marijuana. Permits medically prescribing marijuana. Federal law is unaffected.