Argued and submitted October 5, ballot title certified as modified October 26, 1989

NELSON,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S36498)

OREGONIANS AGAINST FIELD BURNING et al,
*Petitioners,*

*v.*

ROBERTS,
*Respondent.*

(SC S36502)

JOHNSON,
*Petitioner,*

*v.*

ROBERTS,
*Respondent.*

(SC S36499)
(Consolidated for opinion)

781 P2d 344

John R. Faust, Jr., Portland, argued the cause for petitioner David S. Nelson. With him on the petition were Donald A. Haagensen and Schwabe, Williamson & Wyatt, Portland.

Charles F. Hinkle, Portland, argued the cause and filed the petition for petitioners Oregonians Against Field Burning, Jay Thiele and Barbara Swain.

William H. Johnson, Foster, argued the cause and filed a petition *pro se.*

Janet Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. John A. Reuling, Jr., Assistant Attorney General, Salem, filed the answering memoranda for respondent. With him on the response were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.

GILLETTE, J.

## GILLETTE, J.

This original proceeding involves three consolidated challenges to a ballot title for a proposed initiative measure. ORS 250.085(2). All the parties challenging the ballot title submitted comments concerning the Attorney General's earlier, proposed ballot title and therefore are entitled to bring these proceedings. ORS 250.085(2) and (5). We modify the ballot title to the extent hereafter set out.

The proposed measure would alter, in various ways, the manner in which grass and cereal grain field burning in the Willamette Valley is now regulated. The measure is extensive and intricate; we shall not attempt to summarize all its features here. It does appear that the main thrust of the measure is to reduce the amount of field burning, but the number of exceptions to this general thrust make the measure's effect during any particular period uncertain.

The ballot title certified to the Secretary of State by the Attorney General is as follows:

### "PHASED REDUCTION OF GRASS SEED RESIDUE BURNING

*"QUESTION:* Shall law reduce, in steps over five years, open field burning, propane flaming, stack burning in specified Willamette Valley counties?

*"EXPLANATION:* Regulates open field burning, stack burning and propane flaming of residue. Reduces maximum acres burned in nine counties from current limit of 250,000 to 150,000 by 1991, 125,000 by 1993, 50,000 by 1995. Environmental Quality Commission may further reduce maximum under certain findings. Propane flamed acreage included in limits, must be registered. Allows additional acreage propane flamed under certain conditions. Bans stack burning after September 1, 1997. Amends standards for emergency burning. Raises fees. Transfers authority to explore alternatives from state agency to appointed committee."

This court's role in ballot title review differs slightly, depending on which part of the ballot title — the caption, the question or the explanation — is being scrutinized. *See, generally, Reed v. Roberts,* 304 Or 649, 748 P2d 542 (1988). Our review is to determine if the caption reasonably identifies the subject of the measure; if the question plainly phrases the chief purpose of the measure; and if the explanation provides a

concise and impartial statement that summarizes the measure and its major effect. *Id.* at 653; ORS 250.035. We turn briefly to an examination of the parties' contentions concerning each of these three parts of the ballot title.[1]

The challengers represent a broad range of views on field burning. Challenger Johnson is a principal sponsor of another initiative measure that, if adopted, would outlaw field burning outright. By contrast, challenger Nelson is Executive Secretary of the Oregon Seed Council, a seed industry trade group. The third challenger, Oregonians Against Field Burning (OAFB), is the principal sponsor of the initiative measure.

Only Johnson and Nelson challenge the Attorney General's caption. We have considered the parties' arguments concerning the caption and find that only one, by challenger Johnson, has merit.

Johnson argues that use of the phrase "grass seed residue burning" is confusing and potentially misleading. The Attorney General, upon reflection, agrees. He notes,

> "Open burning of grass seed fields is commonly referred to as 'field burning.' 'Grass seed residue burning' sounds like burning of the seed hulls, dust, and other detritus of the seeds, not like burning of the grass straw from which the seeds originate. So far as most or at least many voters are concerned, 'grass seed residue burning' is not language which will be identified with open burning or propane flaming of straw in grass seed fields * * *."

(Brief for Respondent, at 4.) We agree that, as presently written, the caption is so obscure that it cannot be said to reasonably identify the subject of the measure. ORS 250.035(1)(a); *see Glerum v. Roberts,* 308 Or 22, 27, 774 P2d 1093 (1989). The caption is modified to read as follows:

"PERMITS PHASED REDUCTION OF GRASS SEED
FIELD BURNING WITH EXCEPTIONS"

Addition of the word "permits" accurately reflects the purpose of the measure. Similarly, "with exceptions" warns the voter

---

[1] We say "briefly" because, as will appear, we find only one contention by one party requires any adjustment in the ballot title. Contrary to the practice we have followed in the past, we shall not identify or review at length those contentions that are not well taken. Discussion of them would only be of interest to the parties, inasmuch as none of the contentions raises a question of law that would be important to answer for future litigants.

that the measure is subject to qualifications that the voter may wish to examine. This is, we think, "as close to accurate and neutral as the 10-word limit permits." *Sajo v. Roberts,* 304 Or 414, 418, 746 P2d 214 (1987).

Only challenger Nelson raises arguments concerning the question. His arguments do not demonstrate that the Attorney General's ballot title question fails to comply substantially with the governing statute.

Only OAFB presents arguments concerning the explanation. We have examined these arguments. While at least one of these arguments might make the explanation slightly more readable, none of them demonstrate any legal insufficiency in the explanation that would give this court authority to make changes in the explanation.

Pursuant to ORS 250.085(3), the following ballot title is certified to the Secretary of State:

"PERMITS PHASED REDUCTION OF GRASS SEED
FIELD BURNING WITH EXCEPTIONS

*"QUESTION:* Shall law reduce, in steps over five years, open field burning, propane flaming, stack burning in specified Willamette Valley counties?

*"EXPLANATION:* Regulates open field burning, stack burning and propane flaming of residue. Reduces maximum acres burned in nine counties from current limit of 250,000 to 150,000 by 1991, 125,000 by 1993, 50,000 by 1995. Environmental Quality Commission may further reduce maximum under certain findings. Propane flamed acreage included in limits, must be registered. Allows additional acreage propane flamed under certain conditions. Bans stack burning after September 1, 1997. Amends standards for emergency burning. Raises fees. Transfers authority to explore alternatives from state agency to appointed committee."

Ballot title certified as modified.