On petitioner Nelson's petition for reconsideration filed November 1, 1989, petition for reconsideration allowed, former opinion (308 Or 417, 781 P2d 344) modified; ballot title certified as modified January 10, 1990

**NELSON,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S36498)

**OREGONIANS AGAINST FIELD BURNING et al,**
*Petitioners,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S36502)

**JOHNSON,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S36499)
(Consolidated for Opinion)

784 P2d 432

John R. Faust, Jr. of Schwabe, Williamson & Wyatt, Portland, filed petition on behalf of petitioner David S. Nelson.

No appearance *contra.*

PER CURIAM

## PER CURIAM

In this ballot title case, petitioner Nelson seeks reconsideration and modification of our prior opinion. *See Nelson v. Roberts,* 308 Or 417, 781 P2d 344 (1989). We grant reconsideration and modify our prior opinion in the manner specified below.

The facts, the interests of the parties and the issues involved are set out in our prior opinion and will not be repeated here. The only issue petitioner now brings to us concerns the ballot title caption we certified to the defendant Secretary of State. The caption provided:

"PERMITS PHASED REDUCTION OF
GRASS SEED FIELD BURNING
WITH EXCEPTIONS"

In our original opinion, we explained that use of the word "permits" was appropriate because the word "accurately reflects the purpose of the measure." *Id.* at 421-22. Petitioner Nelson disagrees. He argues:

> "The reduction of grass seed field burning is *mandatory.* Section 4(2)(a) of the measure * * * provides a reduction of open field burning that 'shall' take effect. Section 4(6) provides for a possible exception for propane flaming, but *not* for field burning, which is a different thing. Section 4(7) provides that the Commission *may permit* additional field burning for serious disease outbreak or insect infestation.
>
> "So, the Measure does not *permit* anyone to reduce field burning. It *mandates* a reduction, subject only to limited exceptions that apply only on the happening of events that are not within anyone's control."

(Petition for Reconsideration at 1; emphasis in original.)

On reconsideration, we agree with petitioner that our use of the word "permits" was not sufficiently accurate. *See Sajo v. Roberts,* 304 Or 414, 418, 746 P2d 214 (1987). The effect that we intended to accomplish by use of the word "permits" — a warning that reduction of field burning was not absolutely certain in any particular year — was sufficiently accomplished by use of the phrase, "with exceptions," at the end of the caption.[1]

---

[1] Petitioner also objects to this latter phrase, but we think it is fair and accurate. We decline to alter or eliminate it.

The question remains as to what word to substitute for "permits." Petitioner argues that "requires" should be used. "Requires" might be acceptable, but we think a better, more neutral (but equally accurate) word is "provides." Accordingly, we certify the following modified caption to the Secretary of State:

"PROVIDES PHASED REDUCTION OF
GRASS SEED FIELD BURNING
WITH EXCEPTIONS"

Petition for reconsideration allowed. Former opinion modified. Ballot title certified as modified.