Argued and submitted September 13, ballot title certified October 27, 1994

Henry KANE,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General for
the State of Oregon,
*Respondent.*

(SC S41549)

882 P2d 588

Henry Kane, petitioner argued the cause and filed the petition *pro se*.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the memorandum for respondent. With him on the memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

In this original proceeding, petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments addressed to the Attorney General's draft ballot title. Therefore, he is entitled to petition this court seeking a different ballot title. ORS 250.085(2).

The proposed measure, entitled "The Oregon Cannabis Tax Act of 1997,"[1] consists of four single-spaced, finely printed pages. It is far too extensive to reproduce here. In broad outline, it consists of a long preamble and three numbered sections. The preamble lists various considerations, which, it is hoped, will convince others that the state's policy toward cannabis production and use should be changed. We need not repeat those considerations here.

The first two numbered sections of the measure: (1) announce that the measure supersedes all other Oregon laws, both state and local, relating to cannabis,[2] (2) change the name of the Oregon Liquor Control Commission (prospectively) to the "Oregon Drug Control Commission," and (3) direct Legislative Counsel to move the contents of present ORS chapter 474 elsewhere, in order to make room for the new legislation.[3]

The final numbered section contains an entire substantive act, the "Oregon Cannabis Control Act," which is to be placed in the statutes as a new ORS chapter 474. The proposed Act contains 20 sections. Among other things, it authorizes the renamed Oregon Drug Control Commission to

---

[1] More precisely, that is one of the things that the measure calls itself. In spite of the measure's heading, which calls the measure "The Oregon Cannabis Tax Act of 1997," the measure internally creates a series of substantive provisions that the measure labels the "Oregon Cannabis Control Act."

[2] Lest we be thought to be the only people in the state unaware of the fact, we note here that "cannabis" is the generic scientific name for the hemp plant more commonly called "marijuana." We use the generic term in our preliminary discussion of the measure, because it is the term that the measure itself uses. As will be seen, however, the Attorney General has seen fit to use the more familiar name, "marijuana," in the ballot title, and there is no challenge to that choice before this court.

[3] Present ORS chapter 474 deals with trade practices relating to the marketing of malt beverages in the state. Nothing in the record before us indicates the sponsors' reason for wanting to place the new act in that chapter.

license the cultivation of cannabis and to purchase the harvested crop. Persons qualified for licensure as cannabis cultivators are permitted to grow "small quantities" of cannabis for personal use without actually being licensed or paying a fee. The commission is authorized to sell cannabis in a manner similar to that presently used in the sale of certain forms of alcoholic beverages through state liquor stores. Most of the profits from such sales are to be distributed, after certain deductions, for use by the state's school districts and institutions of higher education. Some also would go to drug rehabilitation. Penalties are provided for sale or distribution of cannabis to minors. Finally, the last section of the proposed Act (enumerated as new ORS 474.315) provides:

> "Effect, Attorney General's duties. If federal law is held to impede this chapter's full effect, unimpeded provisions shall remain in effect and the impeded provisions shall regain effect upon the impediments [*sic*] removal. As funded by [another section of the 'Act' relating to distribution of profits from the sale of cannabis by the commission], the Attorney General shall vigorously defend any person prosecuted for acts licensed under this chapter, propose a federal act to remove impediments to this chapter, deliver the proposed federal act to each member of Congress, and urge adoption of the proposed federal act through all legal and appropriate means."

With respect to the foregoing measure, the Attorney General has certified the following ballot title to the Secretary of State:

> "PERMITS SALE OF MARIJUANA TO ADULTS
> THROUGH STATE LIQUOR STORES
>
> "QUESTION: Shall law allow state-licensed growth of marijuana for sale through state liquor stores, growth by qualified adults for personal use?[4]
>
> "SUMMARY: Replaces all current state, local laws on marijuana. Directs OLCC to license qualified adults to grow marijuana for sale through state liquor stores. Bans sales to, possession by minors. Proceeds remaining after listed expenses go to education, drug abuse treatment. Allows qualified adults to grow marijuana for personal use. Allows prior convictions for growth or sale of marijuana, except to

---

4 By our count, this is a *21*-word question, but no challenge to it on that ground is before us.

minors, to be expunged. Bans public consumption unless posted signs permit and minors barred. Provides criminal and civil penalties for violations of Act. Other changes."

Petitioner challenges all three parts of the Attorney General's ballot title, claiming that they do not comply with the requirements of ORS 250.035(1). This court has recently summarized that statute and the court's standard of review in ballot title cases:

> "Under ORS 250.085(4), this court reviews a ballot title certified by the Attorney General for substantial compliance with the requirements of ORS 250.035(1) * * *. ORS 250.035(1)(a) requires a ballot title to contain '[a] caption of not more than 10 words which reasonably identifies the subject of the measure.' ORS 250.035(1)(b) requires a ballot title to contain '[a] question of not more than 20 words which plainly phrases the chief purpose of the measure.' ORS 250.035(1)(c) requires a ballot title to contain '[a] concise and impartial statement of not more than 85 words summarizing the measure and its major effect.' "

*Arenz v. Keisling*, 317 Or 349, 351, 855 P2d 1109 (1993). We turn to petitioner's challenges to the ballot title.

■ Petitioner asserts, as his primary argument, the general proposition that the proposed ballot measure is unconstitutional because, if passed, it would purport to allow Oregonians to grow, process, and sell marijuana, while federal law presently and specifically criminalizes such conduct.[5] It follows, petitioner argues, that the proposed measure violates the Supremacy Clause of the Constitution of the United States.[6] Whether or not petitioner's argument in this regard is well founded in law, our precedents make clear that this court will not address it at this stage in the initiative process. *See, e.g., Hand v. Roberts*, 309 Or 430, 436, 788 P2d 446 (1990) (court not authorized to assess "legality" of proposed ballot measure in the context of a ballot title review).

---

[5] For example, 21 USC § 844 (1990) prohibits what it styles "simple possession" of a number of controlled substances, among them marijuana.

[6] Article VI of the Constitution of the United States provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

■	Although petitioner makes the foregoing argument under the heading, "The Measure is Unconstitutional," petitioner argues another proposition, as well. Petitioner says: "The measure is in direct conflict with federal law * * *[, y]et no part of the challenged ballot title refers to the conflict between the measure and federal law." Enactment of the proposed measure, petitioner argues, would "expose" those who acted in conformance with it "to prosecution under federal law." A ballot title, petitioner asserts, "should disclose an obvious conflict between an initiative measure and federal law."

■■	That argument, although dressed up slightly differently, does not really differ from the unconstitutionality argument: It is an attempt to have inserted into the ballot title a warning to the effect that the proposed measure creates serious legal difficulties and questions.[7] So understood, petitioner's argument offends both the rule that this court does not address the legality of a proposed measure in these proceedings, *Hand v. Roberts, supra,* and also the requirement that a ballot title not take sides for or against a proposed measure. *Id.* at 433 (ballot title "should provide accurate and neutral information to the voters, not an additional opportunity for proponents or opponents to persuade").

We have considered the balance of petitioner's arguments concerning the Attorney General's ballot title. We conclude that the ballot title certified by the Attorney General complies substantially with the requirements of ORS 250.035(1) and ORS 250.085(5) and, therefore, certify that ballot title.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(9).

---

[7] This is different from the claim made in *Sajo v. Roberts*, 304 Or 414, 417, 746 P2d 214 (1987). In that case, the petitioner challenged the phrase "legalizes marijuana possession" in a ballot title describing a similar measure, as inaccurately describing the major effect of that measure. We agreed and certified a title using the word "permits" instead of "legalizes." In the present ballot title, prepared by the Attorney General, the word "legalizes" never appears. We see no reason to change the Attorney General's use of the word "permits" in this context, when we prescribed that word seven years ago. *Id.* at 420.