Alice DALE,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
*Respondent.*

(SC S42592)

905 P2d 844

Lynn-Marie Crider, Oregon Public Employees Union, Salem, argued the cause and filed the petition for petitioner.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

FADELEY, J.

## FADELEY, J.

This is a statutory review of a ballot title under ORS 250.085 (1995). Or Laws 1995, ch 534, § 1. Petitioner, an elector, commented on the draft ballot title that had been supplied to the Secretary of State by the Attorney General. Therefore, petitioner is entitled to petition this court for review of the title as certified by the Attorney General to the Secretary of State. ORS 250.035, 250.085.

The ballot title is for a measure referred by the legislature to the people at the next regular general election. The text of the measure is found in House Joint Resolution 14 (1995), adopted by both the House and Senate. The measure amends the state constitution to provide that "bills for raising revenue" are not adopted lawfully unless three-fifths of the members of the House and of the Senate vote for such bills. The ballot title follows:

"AMENDS CONSTITUTION: REQUIRES 3/5 MAJOR-ITY IN LEGISLATURE TO PASS REVENUE-RAISING BILLS

"RESULT OF 'YES' VOTE: 'Yes' vote requires 3/5 majority of the legislature to pass bills for raising revenue.

"RESULT OF 'NO' VOTE: 'No' vote retains current majority requirement to pass all bills, including bills for raising revenue.

"SUMMARY: This measure would amend the Oregon Constitution. The constitution currently requires a majority of the members of each chamber of the legislature to pass any bill. This measure would require approval of 3/5 of all members elected to each chamber to pass bills for raising revenue."

Petitioner's major challenge to the Attorney General's ballot title asserts that the phrase "bills for raising revenue" will not be understood by voters and that a phrase such as "bills enacting taxes" or "bills for taxation," should be used. The phrase "bills for raising revenue" has been a part of the basic constitutional law of the State of Oregon for the 135 years since statehood, and a part of the basic constitutional law of this country for over 200 years since nationhood. Or Const, Art IV, § 18; US Const, Art I, § 7.[1] While it

---

[1] Joseph Story, 2 *Story's Commentaries on the Constitution*, 338-65 (1st ed 1833), reports that this provision was borrowed from the British Parliament.

cannot be gainsaid that the phrase includes general taxation bills, for such bills do produce revenue, the phrase itself historically has not been deemed to require interpretation or translation in order that it be understood. *See, e.g., Northern Counties Trust v. Sears*, 30 Or 388, 401-03, 41 P 931 (1895); 25 Op Atty Gen 100-01 (1950-52); *Twin City Bank v. Nebeker*, 167 US 196, 17 S Ct 766, 42 L Ed 134 (1897).

■■ ORS 250.035, as recently amended, prescribes the contents of ballot titles and the standard they must meet. Paragraphs (2)(b) and (c) require a "simple and understandable statement of not more than 15 words that describes the result" if the measure is approved and a similar statement describing the "result" if the measure is rejected. The phrase "raising revenue" appears simple and understandable. Substantial compliance is the required standard. ORS 250.085(4); *see Ransom v. Roberts*, 309 Or 654, 659, 791 P2d 489 (1990) (this court will approve a certified ballot title that complies substantially with the statutory standards even if the court does not believe it to be the best of all possible ballot titles).[2] The phrase "raising revenue" meets that standard.

Petitioner makes a second argument for changing the ballot title. Although petitioner recognizes that, in the past, this court has not interpreted the meaning of ballot measures before evaluating an Attorney General's ballot title

---

Story notes that the relevant provision is,

> "beyond all question, borrowed from the British house of commons, of which it is the ancient and indisputable privilege and right, that all grants of subsidies and parliamentary aids shall begin in their house, and are first bestowed by them, although their grants are not effectual to all intents and purposes, until they have the assent of the other two branches of the legislature." *Id*. at 338, § 871 (footnote omitted).

Story reports that the original Constitution of the State of Virginia of 1776 also was a progenitor of the federal provision, restricting revenue bills to origination in the House. That state constitution required that all bills originate in the "House of Delegates" but permitted amendment by the Senate with the consent of the House, except in the case of "money-bills," which the Senate could only accept or reject without amending. William F. Swindler, 10 *Sources and Documents of United States Constitutions* 53 (1979).

[2] ORS 250.035(2)(d) also requires that the summary section be "concise and *impartial*." (Emphasis added.) Including petitioner's suggested language therein, *i.e.*, using the word "taxes" or "taxation," rather than the neutral words of the measure, would lessen the impartiality of the ballot title.

for compliance with statutory standards, petitioner nevertheless asks us in this case to participate in such interpretation by ruling, as a matter of law, that this measure applies equally to bills that would *lower* revenue or taxes as it does to those that would *raise* revenue or taxes.

We neither agree nor disagree with that proposition. No case requiring a decision on that point is before us. Although the argument that passage of this measure would make it more difficult to lower taxes may have some appeal and, therefore, facilitating that argument might well have some effect on the outcome of the vote on this referendum, at this stage in the process it is just that — an argument. Arguments for or against a measure have no place in a ballot title.

A neutral use of the words of the measure complies in this case with the statutory standard. Accordingly, we certify the ballot title certified to the Secretary of State by the Attorney General.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(9).