Argued and submitted February 27, ballot title certified March 12, 1996

Bruce ADAMS
and Robert Crumpton,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General for the State of Oregon,
*Respondent,*

*and*

John SCHWARTZ,
*Intervenor.*

(SC S42988)

912 P2d 902

Paul B. Gamson of Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the petition for petitioners.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Gregory W. Byrne of Byrne & Barrow, Portland, argued the cause and filed the memorandum for intervenor.

PER CURIAM

Fadeley, J., dissented and filed an opinion in which Durham, J., joined.

**PER CURIAM**

This is an original proceeding in which petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioner is entitled to seek a different title in this court, ORS 250.085(2).

We have considered each of petitioner's arguments concerning the Attorney General's ballot title. We conclude that none of those arguments demonstrates a failure on the part of the Attorney General to comply substantially with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (establishing this court's standard of review). We therefore certify the following ballot title:

AMENDS CONSTITUTION: REDUCES AND
LIMITS PROPERTY TAXES; LIMITS
LOCAL REVENUES, REPLACEMENT FEES

RESULT OF "YES" VOTE: "Yes" vote reduces current property taxes; limits future increases; limits local revenues and replacement fees.

RESULT OF "NO" VOTE: "No" vote retains the existing property tax system with current limitations on property tax rates.

SUMMARY: Amends constitution. Limits 1997-98 property taxes to the lesser of: 1995-96 tax minus 10 percent, or 1994-95 tax. Limits future annual property tax increases to 3 percent, with exceptions. Limits revenue available for schools, other local services funded by property taxes. Local governments' lost revenue may be replaced only with state income tax, unless voters approve replacement fees or charges. Provides no system for spreading revenue cuts among local governments. Restricts new bonds. Tax levy approvals in certain elections require 50 percent voter participation. Other changes.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).

**FADELEY, J.,** dissenting.

I dissent from certification of the Attorney General's ballot title in this matter. It does not comply substantially with the requirements of law because, as presently worded, it will mislead many voters about the result of voting "yes" or "no" on the measure. A ballot title must compare the results of voting "yes" with the result of voting "no." ORS 250.035(2)(b) and (c).[1]

If the comparison is misleading or so incomplete that it does not inform the voters of the differences in results that their choice of a "yes" vote or a "no" vote will produce, the result statements fail to comply with the law.

I dissent because, in the ballot title before us, the statement describing the result of a "no" vote fails to comply with the law. As will be demonstrated below, it is incomplete in a way that expressly misleads the voters about the result of retaining the status quo in comparison with the changes that would flow from a "yes" vote. The incomplete and misleading comparison thus produced between a "yes" and a "no" vote has the effect of providing information that favors one vote over the other. A ballot title should "not take sides for or against a proposed measure." *Kane v. Kulongoski*, 320 Or 273, 278, 882 P2d 588 (1994). I would modify the certified ballot title by correcting the erroneous material contained in it.

The result statement for a "no" vote, that the majority certifies, indicates that "current limitations" in the property tax system are retained but specifies only one limitation, that on property tax "rates." Petitioner contends that "current limitations" include a number of other limitations on the amount of property tax that may be

---

[1] The comparison between the change in law that a "yes" vote would bring, and the continued status quo that a "no" vote would retain, is a central feature of the 1995 amendments to the ballot title statute enacted by Oregon Laws 1995, chapter 534, section 1.

levied. Petitioner is correct. There are other limitations of constitutional magnitude.

The applicable statutes require that the "no" vote result statement shall describe "the result if the * * * measure is rejected." ORS 250.035(2)(c). The certified statement does not do that, because it fails to recognize or mention existing constitutional provisions, provisions that a "no" vote would leave in place, that currently limit the amounts of property tax levies and of increases in such levies.

Article XI, section 11, of the Oregon Constitution contains several other existing limitations on property tax levies or increases that are not rate limitations. Examples include the 6 percent limitation on levy increases and the dollar limit on property tax revenue increases imposed by a local government's existing tax base. Or Const, Art XI, §§ 1, 2. The words "limitations on property tax *rates*" obscures existence of those limitations on increases. Indeed, the dollar-based limitations currently are guaranteed in Article XI, section 11, of the constitution, which does not mention any rate limitation. The rate limitations are stated in a separate section of Article XI, section 11(b), which Measure 5 created in 1990.

Mentioning only "rate" limitations, in the "no" vote statement will mislead voters into believing that the other constitutionally guaranteed controls on imposition of property taxes do not exist. The voter may be led by such direct misinformation to believe that "new" property tax limitations are called for in the area, because none limiting increases presently exist. Thus, the certified "no" vote result statement is an argument in favor of the measure. Such arguments have no place in a ballot title. *Dale v. Kulongoski*, 322 Or 240, 244, 905 P2d 844 (1995). Ballot titles must not present pro or con arguments. *Hand v. Roberts*, 309 Or 430, 788 P2d 446 (1990).

The "yes" vote result statement provides:

RESULT OF "YES" VOTE: "Yes" vote reduces current property taxes; limits future increases; limits local revenues and replacement fees.

The misleading effect of the omission of existing limitations on property tax dollar increases from the "no" vote statement is compounded by the fact that the "yes" vote statement emphasizes that a "yes" vote would result in just such limitations being put in place, impliedly as a change from the legal status quo.

The "no" vote result statement is also statutorily deficient because it is not sufficiently parallel to the "yes" vote statement.[2] The "yes" vote statement speaks to limiting future tax increases and limiting local revenues. However, the "no" vote statement omits any mention of such limitations. As stated above, existing constitutional provisions already limit both future property tax increases and the amount of revenues that governments may obtain from property taxes without additional voter consent. A "yes" vote would, in effect, change the numerical values of some of those preexisting limitations. However, limitations on those subjects are part of current law that a no vote would retain. The measure would not create them newly, as the certified result statements imply. In order to be parallel, *both* the "no" vote statement and the "yes" vote statement should mention the various kinds of limits on tax increases that are in place. Accordingly, in order to achieve substantial compliance with the statutory requirement I would modify the "no" vote result statement, as follows:

RESULT OF "NO" VOTE: "No" vote retains the existing limitations on property tax increases and on tax rates.

---

[2] ORS 250.035(3) (1995) provides:

"The statements required by subsection (2)(b) and (c) of this section shall be written so that, to the extent practical, the language of the two statements is parallel."

In *Sizemore v. Kulongoski*, 322 Or 229, 236, 905 P2d 1146, *modified* 322 Or 387, 908 P2d 825 (1996), this court stated:

"In order to determine what wording should be used in this part of the ballot title, we must craft a simple and understandable statement that describes the result if the measure is rejected, ORS 250.035(2)(c), and, in addition, 'to the extent practical, [make] the language of the two statements * * * parallel.' ORS 250.035(3)."

I dissent from approval of the erroneous ballot title. Justice Durham joins in this dissenting opinion.